BONNEY v. COCKE.

1. **Deposition:** MOTION TO SUPPRESS: INSUFFICIENT GROUNDS FOR. A motion to suppress a deposition taken on commission, on the grounds: *First*—that five *clear* days notice was not given of the suing out of the commission; *Second*—that the notice was not filed in the clerk's office on the day fixed for the commission to issue; and, *Third*—that the commission was not issued until seven days after the day fixed in the notice; *held* properly overruled.

2. **Challenge to Juror:** SHOULD STATE REASON. A challenge to a juror "for cause," but which does not state the ground on which it is based, is too indefinite, and should be overruled by the court.

3. **Practice in Supreme Court:** INSUFFICIENT RECORD. Where the record on appeal fails to show the objections made to the admission and exclusion of evidence on the trial, and the rulings of the court thereon, this court cannot determine that such rulings were erroneous.

4. ——: ——. In the absence of the evidence and the instructions given, this court is unable to say that the court below erred in refusing to give certain instructions asked.

*Appeal from Warren Circuit Court.*

WEDNESDAY, JUNE 13.

THE plaintiff is the wife of G. H. Bonney, and brought this action for damages sustained by reason of the defendant having sold intoxicating liquors to her husband, whereby she was damaged in her means of support. Trial by jury, verdict and judgment for the plaintiff, and defendant appeals.

*Henderson & Berry*, for appellant.

*Todhunter & Hartman* and *H. W. Maxwell*, for appellee.

SEEVERS, J.—I. At the December term, a motion was filed by the appellee to strike out substantially all the material portions of the abstract upon which errors were assigned, on the ground that the rulings of the court complained of and the evidence as set out had not been preserved and identified by a bill of ex-

1. DEPOSITION: motion to suppress: insufficient grounds for.

ceptions. This motion remained undisposed of, and at the adjourned term in January the appellant filed a transcript, which the appellee moved to strike for several reasons.

The case and motions were submitted together. The first error assigned that is argued by counsel relates to the refusal of the court to suppress the deposition of G. H. Bonney, which was taken on commission.

The notice of the suing out of the commission was served on the defendant, and was accompanied with a copy of the interrogatories, and the defendant was thereby notified that the commission would issue on the twenty-fifth day of February, 1882; and it was served on the twentieth day of February, in the county where the defendant resided and where the action was pending. The commission did not issue until the second day of March, 1882, on which day the notice and interrogatories were filed in the clerk's office.

It is objected that the court erred in overruling the motion to suppress, because the service of the notice was insufficient. The point made is that the defendant was entitled under the statute to "five clear days' notice." The statute does not so provide, but simply that the party served shall have five days' notice of the day the commission will issue. Code, § 3730. The statutory mode of computing time is to exclude the first and include the last, or day the commission is to issue. Sub. Div. 23 of § 45 of the Code. The point under consideration is not, therefore, well taken.

It is next objected that the notice was not on file in the clerk's office on the day fixed for the commission to issue. There is no statute so requiring. But, it is said, it should be on file at the time stated, so that the defendant could have then filed cross-interrogatories. The defendant had been served with a copy of the interrogatories, and the statute provides that he shall file such cross-interrogatories as he desires on or before the day fixed for the commission to issue. Code, § 3728.

The object in serving him with a copy of the interrogato-

ries was to enable him to do this. Resort to the original was unnecessary. Lastly, it is urged that the commission was not issued until seven days after the day fixed in the notice. This is an "unimportant deviation," without prejudice to the defendant, and, therefore, is not sufficient to exclude the deposition. Code, § 3741. The court did not err in overruling the motion.

II. The next matter to which our attention is called relates to overruling defendant's challenge of certain persons called as jurors. The abstract shows that five persons were challenged, but it fails to show the ground of challenge, except as to one, which was simply for "cause," but what cause is not stated. The ground now urged is that the persons challenged "showed such a state of mind as precluded them from rendering a just verdict." Code, § 2772. We do not think we would be justified in holding that the ground now urged was made in the circuit court. An objection simply for cause is too indefinite, and it was correctly overruled for that reason; and this is also true as to a challenge, unless there is a statement of the ground upon which it is based.

*2. CHALLENGE to juror: should state reason.*

III. The next errors discussed by counsel relate to the admission of the evidence of Henson and others, and the exclusion of that of Park. The objections to the admission of the evidence, if made at all, were made during the trial, and possibly the same noted by the reporter, together with the ruling of the court relating thereto, and also in relation to the exclusion of the evidence of Park. The bill of exceptions is in skeleton form, but it fails to show either the objections or rulings of the court. It possibly sufficiently identifies the reporter's notes to enable the clerk to insert them in the bill of exceptions, but the clerk has failed to do so, for the reason, it is presumed, that he could not. For, as we understand from a certificate of the clerk attached to the transcript, the translation of the reporter's notes was not on file in his office. The transcript is the ulti-

*3. PRACTICE in supreme court: insufficient record.*

mate evidence of what the court did, when the correctness of the abstract is sufficiently disputed. In this state of the record, we cannot determine what objections or rulings were made, and, therefore, are unable to say whether or not the court erred.

IV. It is urged that the court erred in refusing certain instructions asked by the defendant, and in the instructions given. As has been said, the bill of exceptions is a skeleton bill, and the clerk is directed to insert therein the instructions given. This he has failed to do, for the reason, as he certifies, that they are not on file in his office. Therefore the instructions are not contained in the transcript. Nor has the clerk certified that those set out in the abstract are correct, or were given to the jury.

It is not essential that instructions should be identified and preserved by a bill of exceptions, when they have been filed and made a part of the record; but it is essential that they should be certified to this court by the clerk. As this has not been done, we are unable to say that the instructions contained in the abstract were in fact given. The instructions asked and refused are set out in the transcript, but the evidence is not. In the absence of the evidence and the instructions given, we are unable to say that the court erred in refusing those asked.

There is before us a stipulation of counsel that the "instructions appearing in appellant's abstract as having been given to the jury by the court were so given as therein set out." But it is further stipulated that the foregoing "shall not prejudice the appellee's right to have this case submitted the same as if this argreement had not been made." We understand the latter part of the stipulation to nullify the former.

AFFIRMED.