Stover v. Elliott.

STOVER v. ELLIOTT *et al.*

Judgment in Justice's Court: TRANSCRIPT: DURATION OF LIEN. Under section 3568 of the Code, where a transcript of a justice's judgment is filed in the district court, it becomes, in effect, a judgment of the district court "as of that date ;" that is, as of the date of filing the transcript; and the lien thereof on real estate expires in ten years from the date of filing, and not in ten years from the date of the rendition of the judgment by the justice. ( Compare *Rand v. Garner*, 75 Iowa, 312, and *McCoy v. Cox*, 54 Iowa, 595.)

*Appeal from Iowa District Court.* — HON. S. H. FAIRALL, Judge.

FILED, MAY 28, 1890.

*Hedges, Rumple & Lake*, for appellants.

*Thomas Stapleton*, for appellee.

GIVEN, J.—I. The trial judge certifies the following question of law, upon which it is desirable to have the opinion of the supreme court : "In a case where a

transcript of the judgment rendered in justice's court is filed in the district court, does the lien thereof on real estate expire ten years from the date of the judgment, or from the date of the filing of the transcript?" Code, section 3568, is as follows: "The clerk shall forthwith file such transcript, and enter a memorandum thereof in his judgment docket, noting the time of filing the same, and from the time of such filing it shall be treated, in all respects, as to its effect and mode of enforcement, as a judgment rendered in the circuit [district] court as of that date; and no execution can thereafter be issued by the justice on the judgment." The question is whether the words "as of that date" refer to the date of the judgment, or to the date of the filing of the transcript. This precise question was passed upon in *Rand v. Garner*, 75 Iowa, 312, wherein it is said, after quoting section 3568: "Under that provision, we think the judgment has all the force and effect of a judgment rendered by the circuit court as of the date of the filing of the transcript." In *McCoy v. Cox*, 54 Iowa, 595, the question certified was: "Can an execution issue from the district court on a judgment of a justice of the peace after ten years from the date of its rendition, when a transcript of said judgment has been filed in said district court on the date of the rendition of said judgment by said justice?" The court held that the effect of a judgment in the circuit court is that it is a lien on real estate for ten years, and that it may be enforced for twenty years; and that as the judgment in question is to be treated in all respects, as to its effect and manner of enforcement, as a judgment rendered in the circuit court, an execution may issue thereon at any time within twenty years. True, in that case, the transcript was filed on the same day the judgment was rendered; but it involved the question whether the time within which execution might issue was that provided as to judgments before justices of the peace, or as to judgments in courts of record. Appellant concedes that these cases are in point, but

contends that section 3568 should receive a different construction; that the words "as of that date" should be held to refer to the date the judgment was rendered. The time of filing is the only time mentioned in the section, and it seems to us clear that that is the date referred to. It is true that this construction renders it possible for a party to extend the life of such a judgment beyond the ten or the twenty years. Section 3568 expressly provides that, after the filing of a transcript, "no execution can thereafter be issued by the justice on the judgment." This statute merges the judgment before the justice into a judgment in the court where the transcript is filed. It cancels the justice's judgment, and creates a new one in the court of record. *Brown v. Wuscoff*, 118 Ind. 569; 19 N. E. Rep. 463; and 21 N. E. Rep. 243. The conclusions announced by this court in the cases cited are in harmony with the language and intent of the statute. The judgment of the district court holding plaintiff's judgment a prior lien is

AFFIRMED.