SHELDON BANK, Appellee, v. E. Y. ROYCE, Appellant.

1. **Practice**: TIME FOR FILING PAPERS. Under an order granting ninety days within which to file a bill of exceptions, a bill filed at 7 o'clock p. m. upon the ninetieth day after the date of the order is in time; and the legality of such filing is not affected by the fact that the bill was immediately taken from the clerk's office by the party filing the same for the purpose of preparing an abstract for an appeal to the supreme court.

2. **Party Walls:** CONSTRUCTION OF STATUTE. The use of inferior material in the construction of a wall by a town-lot owner entirely upon his own premises, because of the close proximity of a wall of brick and stone, built upon the dividing line of an adjoining lot, and in reliance upon such a wall for protection, but not dependent upon it for support, is not such a use of the wall adjoining as to make it a wall in common within the meaning of chapter 10, title 13, of the Code, and for which the liability therein provided will arise.

*Appeal from O'Brien District Court.*—HON. C. H. LEWIS, Judge.

SATURDAY, JANUARY 23, 1892.

THE plaintiff bank is the owner of the east forty-eight feet of lot number 24, in block number 8, in Sheldon, Iowa. The defendant is the owner of lots numbers 21, 22, 23, and the remainder of lot number 24 in said block. In 1888 the plaintiff erected a building covering the entire portion of lot number 24 owned by it. The walls of the building are of stone and brick, seventeen feet high; the south wall being on the line between lots 23 and 24, and the west wall on the dividing line of lot number 24, as owned by the parties to this suit. The walls of this building on the south and west are without openings. Since the erection of the plaintiff's building the defendant has erected a building on the lots owned by him in such manner that it adjoins the building of the plaintiff on the south and west; and the plaintiff claims that the

construction of the defendant's building is in such a
manner that the south and west walls of its building
are walls in common, and this action is brought to
recover one half the value thereof, under the provisions
of chapter 10, title 13, of the Code,   The petition is in
two counts,—the first asking to recover because of a
use of the south wall, and the second because of the
use of the west wall of the plaintiff's building.   The
cause was tried in the district court without the aid of
a jury, and the court gave judgment for the plaintiff on
the first count of the petition, and denied it judgment
on the second count.   Both parties appeal.   *On the
plaintiff's appeal, affirmed; on the defendant's appeal,
reversed.*

W. D. *Boies* and George E. *Clark*, for plaintiff.

O. M. *Barret* and *Heminway & Grundy*, for
defendant.

GRANGER, J.—I. The plaintiff moves to dismiss
the defendant's appeal on two grounds:   *First.* That
no bill of exceptions has ever been filed;
and *second,* if one has been filed, it was
not within the time agreed upon.   On the
ninth day of April, 1889, the court having determined
the issues, the following appears as a record entry:
"And thereupon, by consent of parties, either party
has ninety days within which to file his bill of excep-
tions."   The defendant filed his bill of exceptions
July 8, 1889, it being, including the day on which the
order was made, the ninety-first day; and the plaintiff
urges that, as the order required the bill to be filed
"within" the ninety days, the filing was too late.   The
plaintiff insists that "within" means "inside of," and
that the defendant did not have ninety days to file his
bill of exceptions in, but was bound to file the same
"inside of ninety days."   We think the bill was filed

1. PRACTICE:
time for filing
papers.

"inside of" or "within" ninety days if filed before the completion of the ninetieth day. It is important to determine when the time began to run in pursuance of the order. Subdivision 23, of section 45, of the Code, provides that in computing time "the first day shall be excluded and the last included." In *Manning v. Irish*, 47 Iowa 650, this statute is applied to the computation of time in a case like this. Applying that rule, and the bill of exceptions was filed in this case on the ninetieth day, and within the time fixed by the order or agreement.

The theory upon which the plaintiff urges that no bill of exceptions was filed is that the filing was at 7 o'clock P. M., after business hours, and that when filed it was at once, at the request of the plaintiff's attorney, delivered to him, taken from the office, and has not since been returned there. It does, however, appear that it was taken by counsel for the defendant to prepare an abstract for this appeal, and was afterwards delivered to counsel for the plaintiff, but not, as they claim, until long after the abstract was completed, nor until after the plaintiff's argument was served upon them. We think the facts show that there was a filing of the bill of exceptions within the meaning of the law. The taking of the bill from the office immediately after filing, to prepare an abstract, could not change the fact as to the filing, and the propriety of so doing could hardly be questioned. The method may have been irregular, under the rule of practice that "the original files shall be taken from the clerk's office only on order of the judge, by leaving with the clerk a receipt for the same" (rule 1 of "Rules of Practice" adopted by the district judges); but, again, this would not change the fact as to the filing. The motion to dismiss the appeal is OVERRULED.

II. Upon the defendant's appeal the question for us to determine is whether or not there is evidence

2. PARTY walls: construction of statute.

from which the district court could, as a matter of law, find for the plaintiff. It is a law action, and the finding of the court on a question of fact has the force of a verdict of a jury. To a proper conclusion it will be necessary to refer to the facts, and, to some extent, to the testimony. As we gather from the record, the defendant's building is a three-story one, the east and south walls being of brick, and the west wall veneered, and the north wall, adjoining the plaintiff's building, being of wooden supports, with inferior brick laid in mortar between them. The building of the defendant rests entirely on its own foundation, and is an independent structure, except that in part the wall is in contact with the plaintiff's wall. Just the extent of the walls being together or in contact does not appear. It does conclusively appear that the defendant's wall receives no support from the plaintiff's wall in the sense of its being necessary to keep it in place or preserve its position. The evidence, however, justifies an inference that the defendant's wall, because of its proximity to that of the plaintiff, is protected thereby from destruction or damage by the elements because of its being constructed of poor material, such as soft or unburned brick, and such material as is not used for "outside work."

It may be taken as a conceded fact in the case that the defendant, in the erection of his building, used in the wall adjoining that of the plaintiff inferior material because of the proximity of the plaintiff's wall, and relied thereon for its protection; but, with a careful examination of the evidence, we find nothing to give support to any other use of the plaintiff's wall by the defendant. It is, then, a question whether or not such a use renders the plaintiff's wall one in common, so as to render the defendant liable in this action. The statute gives to contiguous lot owners in cities and towns the right when constructing buildings to so place

the wall that one half thereof shall rest "on his neighbor's land." The neighbor, in such a case, has the right to make the wall one "in common between them." This may be done by contributing one half the expense of building the wall at the time, or, if not, and he afterwards desires to use it, he may then make it a wall in common by paying one half of the appraised value at the time of such use. Code, sec. 2019. The defendant did not contribute to build the wall in question, and hence, if it is now a wall in common, it is because the defendant has, within the statutory sense, used it. We do not think the mere incidental benefit or protection afforded by the walls being close together is the use contemplated by the statute to make it a wall in common. Section 2023 of the Code, being a part of the chapter, "Of Walls in Common," provides that "every co-proprietor may build against a wall held in common, and cause beams or joists to be placed therein," etc. This, with every other section of the chapter affording light upon the subject, indicates that to use a wall in common is to make it in some way a part of the building for which it is used; that is, it must be of other use than to afford such protection as will justify a neighbor in building a wall adjacent thereto in a different manner, and of different materials, than he otherwise would. It is well known that walls built near to other walls because of that fact alone are of different workmanship and materials, and are so made because of the incidental protection they will receive from the neighboring wall; and in a sense there is a use of such wall, but it is not a use in the sense of making it a wall in common.

We think it conclusively appears from the evidence that the plaintiff's building could be moved and leave the defendant's without destruction or damage, that is, the building would be as perfect as it now is. The change might necessitate, for purposes of appearance and preservation, repairs or changes, but such necessity

would not be the result of any part of the defendant's building being moved. The evidence in the case only shows that in building the wall of the defendant's building it was in places—perhaps a majority of the wall—against the plaintiff's building, but not for support, or for the use of the plaintiff's wall. The lot was the defendant's, and it was his right to place his wall against the other, which was in part on his lot. The case of *Molony v. Dixon*, 65 Iowa, 136, is very different in principle. In that case it appeared that the plaintiff's wall supported the building of the defendant, and the opinion so holds; and further, the case turns, to some extent at least, on the fact of an agreement between the parties under which the plaintiff constructed her wall as she did. We are of the opinion that there are no facts having support in the evidence from which the district court could properly find that the plaintiff's wall was one in common. As to the plaintiff's appeal, we need only say, because of its similarity as to the facts to those in the defendant's appeal, that the judgment of the district court accords with our conclusion.

The case stands, on the defendant's appeal, REVERSED; on the plaintiff's appeal, AFFIRMED.