J. H. RITCHEY, Appellant, v. DANIEL FISHER *et al.*, Appellees.

Appeal: NOTICE: TIME OF SERVICE. The service of notice upon the fourth day of December of an appeal from an order of court made on the third day of the preceding June, is not within the time allowed by section 3173 of the Code for the taking of appeals.

*Appeal from Adams District Court.*—HON. DELL STUART, Judge.

TUESDAY, MAY 24, 1892.

APPLICATION for a new trial in an action in equity. The facts are stated in the opinion.—*Dismissed.*

*J. H. Ritchey, in pro. per.*

*Dale & Brown,* for appellees.

ROBINSON, C. J.—In the year 1885 an action was pending in the district court of Adams county, in which A. B. Fisher was plaintiff and J. H. Ritchey, the plaintiff in this action, was defendant. It was commenced in August, 1883, to set aside two conveyances of real estate, and for other relief. In March, 1885, Fisher died, and the administrator of his estate, A. F. Oakey, was substituted as plaintiff, and the case was thereafter prosecuted in his name. On the twenty-seventh day of the month last named the district court rendered a decree in favor of the plaintiff, Oakey, administrator, which was affirmed by this court on the eleventh day of June, 1886. See *Oakey v. Ritchey*, 69 Iowa, 69. On the twenty-third day of May, 1889, Ritchey filed in the Adams county district court the petition in this proceeding, asking for a new trial. In June, 1889, D. S. Sigler filed a motion supported by affidavit asking to be substituted as a party to the original action, and in the proceeding for a new trial, in place of Oakey, administrator, on the ground that he had become the sole owner of the real estate in controversy. The motion was sustained on the sixth day of June, 1889. On the seventh day of January, 1890, the plaintiff was given thirty days in which to file an amended and substituted petition, and, if not filed

VOL. 85—36

within that time, the cause was to be dismissed. On the sixth day of the next month he filed a petition, in which he alleged as grounds for a new trial that, after the evidence had been taken in the original action, and about three months before it was submitted to the court for a final decree, he was arrested upon a false charge of larceny as the result of a conspiracy entered into by Fisher and others to influence public opinion against him, and affect the result in the action then pending; that in consequence of the charge and arrest his friends deserted him, and facts material to a determination of the case on its merits were suppressed, and he was unable to discover them until within the last year; that he was arrested about December, 1884, and was in the custody of the law until March, 1885, when he was indicted, tried, found guilty, and sentenced to imprisonment in the penitentiary for the term of two and one-half years; that he was placed in the penitentiary in December, 1886, and was not released therefrom until the tenth day of January, 1889; that after his release, and when public opinion had changed in his favor, he commenced to investigate the case, and learned of evidence alleged to be material, which is set out in the petition; that he has discovered and can show that at the time of the trial neither Fisher nor his estate had any interest in the land in controversy, but that Sigler was its real owner; that, if such was not the fact, then, when Fisher died, the court lost jurisdiction of the case, for the reason that he had heirs in whom the title immediately vested, and that the substitution of the administrator for Fisher was without authority of law. In March, 1890, the defendant Sigler filed a motion to strike the petition last described from the files, on the ground that it did not comply with the order of the court, to strike portions thereof, and for a more specific statement. The motion was submitted in part, and on the twenty-

seventh day of that month was sustained as to the portions asking that the petition be stricken from the files, and as to certain other portions asking for a more specific statement. The plaintiff filed nothing in response to the order of the court, and at its next term the defendant and Sigler filed a motion asking the court to strike the petition from the files for the reason that the plaintiff had failed to comply with the order of the court to make his petition more specific. That motion was sustained, and the case was dismissed on the third day of June, 1890. On the fourth day of December, 1890, the plaintiff served a notice of appeal, in which he stated that he appealed from the order of the court substituting Sigler as a party, from the order of March, 1890, sustaining the motion for a more specific statement, and from the order of June, 1890, dismissing the case.

In view of the conclusion we have reached as to the final disposition of the case, it is unnecessary to consider questions presented in the arguments of counsel, but the case is so unusual in many respects that we have deemed it proper to show some of the more important facts. Until Ritchey was imprisoned in the penitentiary in December, 1885, so far as the record shows, he was not in any manner prevented from giving his case due attention. His relations with Fisher had been of such a character that, if the administrator was not a proper person to be substituted for Fisher after the death of the latter, he must have known the fact. He does not deny having knowledge of the heirs of Fisher, but charges that the persons interested were negligent in not inquiring of him in regard to them. Yet he offered no objection to the substitution. His petition does not show diligence to obtain the newly-discovered evidence, and fails to show that, had it been produced on the trial, it would have justified a different result. In other words, he has

failed to show any sufficient ground for the interference of a court of equity in his behalf. The rulings of which he complains are not, therefore, shown to have defeated any right to which he was entitled, and for that reason we are less reluctant than we otherwise should be to dispose of the case without regard to its merits.

Appeals may be taken to this court in civil actions and special proceedings "within six months from the rendition of the judgment or order appealed from, and not afterward." Code, section 3173. "In computing time, the first day shall be excluded, and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday." Code, section 45, subd. 23. Under the rule of the statute the six months within which the plaintiff was entitled to appeal from the last order of the district court expired on Wednesday, the third day of December, 1890; therefore the appeal was not taken in time. *Parkhill v. Brighton*, 61 Iowa, 104; *Carleton v. Byington*, 16 Iowa, 588; *Teucher v. Hiatt*, 23 Iowa, 530. For that reason the case is DISMISSED.