MARY LITTLE v. DEVENDORF & MANN, Appellant.

**Justice's Judgment:** COLLATERAL ATTACK: *Presumptions.* The judgment of a justice recited that there had been proper service of the original notice, but the return thereof was signed by the deputy sheriff. Code, section 4491, declares that any service made by another than the sheriff or constable of the county shall not be valid. *Held*, that, as the justice must have satisfied himself that the deputy sheriff, in what he did, was acting as sheriff, and that the return was intended to be in his name, his conclusion is presumed to be correct, and the judgment cannot be attacked collaterally.

SAME. Under Code 1873, section 3515 declaring of what proceedings a justice must keep a record, the residence of the parties need not

109 | 47
126 | 595
109 | 47
127 | 503
109 | 47
129 | 158
129 | 410
109 | 47
134 | 54
109 | 47
136 | 154

be entered of record, and in the absence of any showing to the contrary residence is presumed to have been such as to confer jurisdiction of the subject-matter; especially when it appears that the justice and plaintiff resided in the same township.

*Return of notice.* Where a return of service shows the receipt of the original notice on the 20th and service of the same on the 19th, the statement in the docket that the notice was received the day after it was served does not warrant the conclusion that service was made from a copy, and, the return being sufficient in form, the exact date of receipt of the notice is of no importance.

EFFECT OF TRANSCRIPT. Under Code, section 4538, providing that on filing of the transcript the judgment of a justice shall be treated in all respects and in its enforcement as if obtained in the district court, a justice, with the filing of the transcript, loses control of his judgment, although it still continues a judgment of the justice court, and never becomes that of the district court.

*Appeal from Linn District Court.*— HON. H. M. REMLEY, Judge.

SATURDAY, MAY 27, 1899.

ACTION to enjoin the collection of a judgment. Decree as prayed, and the defendant appeals.—*Reversed.*

*A. T. Cooper* and *Hubbard, Dawley & Wheeler* for appellant.

*Chas. A. Clark & Son* for appellee.

LADD, J.—The judgment sought to be enjoined was rendered May 26, 1882, and a transcript filed with the clerk of the district court April 28, 1886. An execution issued in July, 1896, and was levied on the plaintiff's land. The judgment recites that the justice delivered the original notice "to B. F. Seaton, sheriff, for service, who returned said notice, with his return thereon, from which it appears that he received said notice for service on the eighteenth of May, A. D. 1882, and that he did, on the nineteenth day of May, A. D. 1882, serve the same on the said defendant in the manner required by law." The return of

service of the notice on which it is admitted judgment was based, is as follows: "This notice came into my hands on May 20th, 1882, and I certify that I personally served the same on the within-named Mary Little by reading the same to her, and delivering to her a true copy of the same, in Monroe township, Linn county, Iowa, on May 19th, 1882. [Signed] John W. Shapley, Deputy Sheriff, Linn Co., Iowa."

I. The residence of the parties, in the absence of any showing to the contrary, is presumed to have been such as to confer jurisdiction of the subject-matter. Under section 3515 of the Code of 1873 it need not be entered of record, and all proceedings other than those so required to be entered are presumed regular, unless otherwise expressly declared. This appears from *Schlisman v. Webber*, 65 Iowa, 114, where consent to jurisdiction to enter judgment for more than one hundred dollars was presumed, though not disclosed in the docket. The identical point was determined in *Church v. Crossman*, 49 Iowa, 444. See *Brown v. Davis*, 59 Iowa, 641; *McBurney v. Graves*, 66 Iowa, 316. But evidence *aliunde* was admissible. *Thompson v. Jackson*, 93 Iowa, 376; *Cooper v. Sunderland*, 3 Iowa, 126. See *Bridges v. Arnold*, 37 Iowa, 221. The judgment plaintiff was shown to have resided in the same township as that of the justice, and the court had jurisdiction.

II. The statement that the notice was received the day after it was served does not warrant the conclusion that service was made from a copy. The exact date of its receipt was not important. Does the finding of the justice with the return justify the inference that it was in fact served? If so, then, though the return may have been defective, the judgment cannot be collaterally attacked; if not, the court was without jurisdiction, and the judgment void. The return, in form, is sufficient. The defect lies in that it is signed by the deputy, as such, instead of signing

the sheriff's name, by himself as deputy. Section 4491 of the Code, which is a copy of the statute as it formerly stood, reads: "The service and returning thereto must be in the same manner as in the district court, except no service shall be made by publication other than as herein provided, nor shall any service made by another than the sheriff or constable of the county be valid." The evidence shows that Seaton was at that time sheriff of Linn county, and Shapley his deputy. The justice must have satisfied himself that Shapley, in what he did, was acting as sheriff, and that the return was intended to be in his name. Having so found, his conclusion is presumed to be correct. *Rotch v. Humboldt College*, 89 Iowa, 482; Code, section 4648. In *Baker v. Jamison*, 73 Iowa, 701, judgment was based on a return of service signed by a constable of another county, and the court said: "The point insisted on, however, is that the justice could not take notice, either of the genuineness of the signature to the return or that the person whose signature it purported to be was a constable; and hence he had no evidence before him that the notice had ever been served. But the justice was required to determine the question as to the sufficiency of the return. That was a matter within his jurisdiction. He did determine that the proof of service was sufficient. His judgment may have been erroneous, but it is not void. Its correctness cannot be questioned in this collateral proceeding." This decision is decisive of the point, and, though the writer would be inclined to hold otherwise as to judgments of justices of the peace but for this case, there now appears no satisfactory reason for changing the rule.

III. The vice of the appellant's argument on the constitutionality of the provision of the statute relating to the enforcement of a justice's judgment after transcript has been filed in the district court lies in the assumption that the clerk, by filing, renders a judgment. The judgment continues that of the justice court, and never becomes that of the clerk or of the district court. The statute

simply directs that "it shall be treated in all respects and in its enforcement as a judgment obtained in the district court." Code, section 4538. There is a wide difference between the rendition and the enforcement of a judgment. Under Constitution, article 5, section 1, it may well be said that courts only may render judgments, but these may be enforced in the manner and by or through ministerial officers as the law may designate. With the filing of the transcript the justice loses control of his judgment, and it is treated thereafter as are those of the district court. But there is nothing in the statute warranting the conclusion that the judgment is thereby canceled, or a new one rendered. The language used in *Stover v. Elliott,* 80 Iowa, 329, must be construed with reference to the practical effect of filing a transcript on the method and means of enforcing the judgment, and, when so understood, is not inconsistent with what is here said.— REVERSED.