R. P. MILLER and OLIVE MILLER, Appellants, v. L. R. ROSEBROOK, MARY M. ROSEBROOK and JOHN O. MALCOLM.

**Fraudulent conveyances.** Property conveyed by a husband to his
1  wife pursuant to an antenuptial contract, which served as an inducement to the marriage and was accepted in good faith on the part of the wife, is not subject to the lien of prior judgments against the husband which were not of record in the county in which the land is situated at the time of the conveyance, and of the existence of which the wife had no knowledge.

**Judgments:** SET OFF. Judgments cannot be set off, one against the
2  other, unless they are strictly mutual and still the property of the respective parties thereto.

**Judgments:** LIMITATION OF ACTIONS UPON. The judgment of a jus-
3  tice of the peace entered by the clerk of the District Court on a transcript from the justice is to be treated as a judgment of the latter court from the date of such entry; and the statutory period within which an action may be brought on such judgment commences to run from the date of the entry by the clerk of the District Court, and extends twenty years as in the case of any other judgment of that court.

*Appeal from Mahaska District Court.*— HON. BYRON W. PRESTON, JUDGE.

TUESDAY, NOVEMBER 12, 1907.

REHEARING DENIED, WEDNESDAY, JANUARY 22, 1908.

ACTION to subject real estate standing in the name of defendant Mary M. Rosebrook to the payment of certain judgments recovered against the defendant L. R. Rosebrook before a justice of the peace in Polk county, transcripts of which were filed in the office of the clerk of the district court of Polk county. Plaintiffs sue as assignees of such judgments, having caused a transcript thereof from the records of the district court of Polk county to be filed in the office of the clerk of the district court of Mahaska county. Plaintiffs further ask as incidental relief that a mutual accounting be had as to a certain judgment recovered by defendant L. R. Rosebrook against the plaintiffs and assigned to defendant Malcolm, and that such judgment be satisfied. And, finally, they asked that, so far as the judgments which they hold are not satisfied by such set-off or by sale of the real property referred to, they have a judgment against defendant L. R. Rosebrook. The trial court dismissed the plaintiffs' petition after trial on the merits, and rendered judgment in favor of defendants, and plaintiffs appeal. *Reversed* in part.— *Affirmed* in part.

*W. H. Keating* and *J. F. & W. R. Lacey,* for appellants.

*John O. Malcolm,* for appellees.

McCLAIN, J.— We can dispose of this appeal by considering three out of the numerous questions presented in argument, and these are (1) whether the real property in question, which is the homestead of the defendants L. R.

Rosebrook and his wife, Mary, with the legal title in her name, is subject to be sold in satisfaction of the alleged judgments held by plaintiffs as assignees; (2) whether plaintiffs are entitled to have said alleged judgments set off as against a judgment recovered against them by defendant L. R. Rosebrook, and assigned to defendant Malcolm; (3) whether plaintiffs are entitled to have a judgment reviving to any extent as against defendant L. R. Rosebrook the judgments which plaintiffs claim to hold as assignees.

I.    The judgments which plaintiffs claim to hold as assignees are alleged to have been recovered by the firm of J. K. & W. H. Gilcrest against the firm of Jacques & Rosebrook, and L. R. Rosebrook as a member of

1. FRAUDULENT
CONVEYANCES.

said firm, on February 10th and April 27th, respectively, in 1886, and what purports to be a transcript of such judgments was filed in the office of the clerk of the district court of Polk county on May 5, 1886.    The purported transcript of the record of these judgments in the clerk's office of Polk county was filed in the office of the clerk of the district court in Mahaska county, July 26, 1905.    And on November 4, 1905, J. K. & W. H. Gilcrest Company, a corporation, claiming to be owner of such judgments as successor of the firm of J. K. & W. H. Gilcrest, made an assignment to the plaintiffs.    The property which now constitutes the homestead of the defendants Rosebrook was acquired by the husband prior to their marriage, which was in 1902, and was deeded by him to his wife in January, 1903, as they both testified, in consideration of a promise made by him to her prior to the marriage, and serving as an inducement to the marriage, that he would deed to her the property subject to an incumbrance which she afterwards satisfied with her own money.    We find nothing on the record impeaching the validity and good faith of this transfer.    There is no evidence whatever that the wife had any knowledge of the judgments standing against her husband in Polk county, or that the conveyance was for

the purpose of putting the property beyond the reach of the owners of such judgments.  On this simple issue of fact, as to whether the conveyance was for valuable consideration and in good faith, we reach the conclusion that the homestead of defendants Rosebrook, the title of which is now in Mrs. Rosebrook, cannot be subjected to the payment of the Gilcrest judgments held by plaintiffs as assignees.

II.   The judgment of L. R. Rosebrook against the plaintiffs was recovered on May 23, 1905, in the district court of Mahaska county, and on June 23d following a general execution was issued, which on the same 2. JUDGMENTS: date was levied on certain real property as set-off.      the property of plaintiffs.  A sale under said execution levy was had on July 29, 1905, and the property levied upon was bought in by defendant Malcolm as trustee for the amount of the judgment and costs.  In the meantime, however, the judgment had been assigned to defendant Malcolm for a valuable consideration, and his purchase was really in his own interest.  At any rate, there is no evidence contradicting the assignment, which is in writing and purports to be an absolute and unconditional transfer of the judgment.  Aside from the presumption of consideration arising from the execution of the writing there is evidence of indebtedness from L. R. Rosebrook to defendant Malcolm for attorney's fees in the case in which the judgment was recovered, and that the judgment was assigned in satisfaction of such indebtedness.  As plaintiffs did not become owners by assignment of the Gilcrest judgments until November, 1905, it is evident that they were not entitled to have the execution issued on such judgments set off by the sheriff against the execution held by him under the judgment of defendant L. R. Rosebrook against plaintiffs. The execution on the Gilcrest judgments was not placed in the hands of the sheriff until August 3, 1905, and before that time the sale of plaintiffs' property to Malcolm under the Rosebrook judgment had already taken place.   There

was no mutuality as to these judgments, for plaintiffs did not acquire the Gilcrest judgments until after the Rosebrook judgment against them had been transferred to Malcolm, and had been satisfied by sale of plaintiffs' property on execution. The provisions of Code, section 4040, with reference to setting off of mutual executions which are in the hands of the same officer, have no application. With reference to assignment, a judgment is a chose in action, and when Malcolm took an assignment of the Rosebrook judgment there was no defense or counterclaim existing in favor of the Millers as against such judgment. It is not pretended that the Millers did not have notice of the assignments before they acquired the Gilcrest judgments, and, even if they had no such notice, they knew by the fact that their own property had been sold under the Rosebrook judgment, and bought in by Malcolm, that such judgment had been satisfied. They are in no position, therefore, to use the Gilcrest judgments by way of defense or counterclaim against the Rosebrook judgment. See Code, section 3461. In *De Laval Separator Co. v. Sharpless,* 134 Iowa, 28, we held that an assignee of a judgment took subject to an equitable set-off existing in favor of the judgment debtor at the time of the assignment; but the Millers had no right of set-off, either legal or equitable, at the time the Rosebrook judgment was assigned to Malcolm and satisfied by sale of their property.

III. It is necessary to go into further detail with reference to the Gilcrest judgments, in order to determine whether plaintiffs are entitled to have them revived by entry of another judgment against defendant L. R.

3. JUDGMENTS: limitation of actions upon.

Rosebrook. The record of the transcript of these judgments from the justice court made in the office of the clerk of the district court in Polk county on May 5, 1886, as set out in the record before us, is not entirely clear. It purports to be the record of the transcript of one judgment of

two different dates and for two different amounts, but the entry on the docket is of two several judgments, rendered, respectively, on the two dates recited in the record of the transcript. Plaintiffs offered in evidence, also, certified records of the justice of the peace before whom the judgments purport to have been rendered; and, without now determining whether the justice's records are admissible for the purpose of explaining the record of the judgment in the office of the clerk of Polk county, we find that, as appears from the justice's records, a valid judgment against Rosebrook was entered on February 10, 1886, for $139.60, and that the other judgment apparently rendered April 27, 1886, for $142.40, was on a promissory note identical in description with the one on which the former judgment was rendered, except that it is recited to have been executed October 27, 1886; that is, on a date later than the date on which the judgment was rendered. The second judgment, if it may be so called, is not, therefore, supported by the justice's record, and we are satisfied that the record of judgment entered on the justice's transcript cannot be otherwise interpreted than as showing a judgment for $139.60 rendered before a justice of the peace on February 10, 1886, and made a judgment of the district court of Polk county, as already indicated, on May 5, 1886.

Plaintiffs filed an amendment to their petition, in which they asked the establishment and renewal of the Gilcrest judgments on April 11, 1906. Their right to have the judgment for $139.60 revived, depends on whether the statute of limitations fixing twenty years as the period of time within which an action on a judgment of the district court must be brought (Code, section 3447, par. 8), commences to run against a justice's judgment transferred to the district court from the time of entry of such judgment by the clerk of the district court on the docket or from the time of the rendition of the original judgment by the justice of the peace. It is to be noticed that the extension of the statutory period for bringing ac-

tions on judgments which was held to result from the postponement of the time for bringing actions on a judgment under section 2521 of the Code of 1873 is not here involved, it being provided in section 3439 of the Code of 1897 that the time during which an action on a judgment is prohibited shall not be excluded in computing the period of statutory limitation for an action thereon, and, by Acts 29th, General Assembly, the provision of that section of the Code of 1897 has been made applicable to judgments previously rendered with a saving clause giving one year after taking effect of the act within which actions on judgments which would otherwise be barred by the change in the law may be brought. Therefore the twenty-year limitation is applicable to plaintiff's action, treating the Gilcrest judgment as a judgment of the district court of Polk county. *Haugen v. Oldford,* 129 Iowa, 156; *Wooster v. Bateman,* 126 Iowa, 552.

That a judgment entered by the clerk of the district court on a transcript from a justice of the peace is to be treated from the date of such entry as a judgment of the district court is expressly provided in Code, section 4538, and we are of the opinion that the statutory period within which an action may be brought on such judgment commences to run from the date of the entry thereof by the clerk of the district court, and extends for twenty years, as is provided with reference to other judgments of that court. We reach this conclusion by analogy from cases in which it has been held that executions on such judgments may be issued at any time within twenty years from the entry by the clerk on the records of the district court, and that the lien of such judgments continues for ten years from the time of such entry; the times within which execution may be issued and for which the lien continues being the same as in case of judgments originally entered in the district court. *McCoy v. Cox,* 54 Iowa, 595; *Rand v. Garner,* 75 Iowa, 311; *Stover v. Elliott,* 80 Iowa, 329. And see *Haugen v. Oldford, supra.* In *Little v. Devendorf,* 109 Iowa, 47, it was

simply held that the judicial act giving force to the record
in the district court was that of the justice; but there is no
reason why the statutory provision giving extended effect
to the justice's judgment should not be valid.   The change
of language in the statute as embodied in the Code of 1897
does not render the prior decisions inapplicable.   The code
commissioners' report indicates that no change in the effect
of the statute was intended.

If, then, the Gilcrest judgment for $139.60 in the dis-
trict court of Polk county on transcript from a justice of
the peace is to be treated as a judgment of the district court
of Polk county, and, as already indicated, we think it must
be so treated and as of the date of May 5, 1886, plaintiffs'
action to revive such judgment, commenced April 11, 1906,
was within the statutory period of limitations, and the court
erred in denying to plaintiffs a judgment against defendant
L. R. Rosebrook for that amount with interest and costs.
In this respect the decree of the lower court is *reversed.*
In other respects it is *affirmed.*