## HILSMEYER v. BERRY.

No. 17900.   Opinion Filed March 13, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

**Party Walls—Liability of Adjoining Lot Owner or Grantee Under Oral Agreement for Half Cost of Party Wall Used.**

Where a party, at his cost, erects a wall one-half on his own lot and one-half on the adjoining lot under an oral 'agreement with the adjoining lot owner that he or his grantee will pay one-half of the cost of the wall in the event of use thereof, or of such part so utilized, use of the wall thus constructed as an external wall by the adjoining lot owner for his building will render him liable under the terms of the agreement, and he will be required to pay for one-half of the cost of the wall so used.

Commissioners' Opinion, Division No. 1.

Error from District Court, Cleveland County; W. L. Eagleton, Judge.

Action by R. C. Berry against F. E. Hilsmeyer on contract. Judgment for plaintiff, and defendant appeals. Affirmed.

Jack W. Page and Hardie & Grim, for plaintiff in error.

Ben F. Williams, John E. Luttrell, and R. T. Pendleton, for defendant in error.

TEEHEE, C. In the court below R. O. Berry was plaintiff and F. E. Hilsmeyer was defendant. They will hereinafter be referred to as they there thus appeared.

On August 23, 1924, plaintiff sued defendant on an oral contract under a petition in which he alleged, in substance, that in December, 1923, in the construction of a business building on lot 3 of block 13 in the city of Norman, owned by him, he agreed with the president of the Security National Bank, the owner of the adjoining lot 4, to construct, and did construct, a 17-inch brick wall between and equally on both lots at his cost; that in the construction thereof it was the agreement that upon the use of the wall as a party wall by the bank, it should pay to plaintiff one-half of the cost price of said wall, or of such part so used, and that if the bank in the meantime sold said lot 4, it would advise the purchaser thereof of said agreement; that in May, 1924, the bank sold lot 4 to the defendant, whom it orally advised of the agreement between plaintiff and the bank; that thereafter defendant in the construction of a building on the lot purchased used a part of said wall, the total cost of such part used by defendant being $1,850, by reason whereof defendant was indebted to plaintiff in the sum of one-half of the cost, amounting to $925; that upon demand defendant refused and neglected to pay said sum as by the agreement he was obligated and bounden to so do, and thereupon prayed judgment for $925 with interest at 6 per cent. per annum.

After intermediate pleadings, defendant answered, which, here being material, in effect admitted the allegations of the petition, but denied the use of plaintiff's wall in that manner in the construction of his building to render him liable under the terms of the contract on which the action was predicated. Upon trial there was a jury verdict and judgment thereon for plaintiff for $925 with interest at 6 per cent. per annum from August, 23, 1924, from which judgment this appeal is prosecuted.

Defendant challenges the judgment as being erroneous, on the ground that the verdict is not sustained by sufficient evidence and is contrary to law. Thereunder the question presented for our consideration is not one that usually arises from a want of proof, but one that involves the interpretation of the contract from the use of plaintiff's wall by defendant in the construction of his building as established by the proof. This shows that the wall was 136 feet deep, constructed of brick on a base of mixed concrete and rock 3 x 2½ feet. The first 16 feet, or first story, of the wall was 17 inches in thickness; the next story, 11 or 12 feet, and 13 inches in thickness, with an additional 3 or 4 feet as a fire wall 9 inches in thickness. The wall rested equally on both lots, and was constructed agreeably to the president of the bank.

When defendant planned his building he was informed by the contractor that it would not be advisable to use plaintiff's

wall to support the weight of his building. Accordingly, along plaintiff's wall, defendant, for a length of 85 feet and 16 feet high, constructed what is known as a tile wall. There were five or six pilasters or concrete columns 9½ x 18 inches, which were set jam up to plaintiff's wall; that is to say, plaintiff's wall was used for one side of the forming. Between these concrete columns, hollow tile 5 x 8 x 12 inches turned edgewise was used as a fill-in flush with the columns, leaving a space between the outer side of the tile and plaintiff's wall up to the girder across the top of the pilasters. Above the tile wall of his building, defendant used plaintiff's wall as a fire wall, and to which also was attached and cemented the roof flashing from defendant's roof to carry the rainfall off from the building and away from between the two buildings. The tile fill-in added nothing to the strength of defendant's building and was used only as a wall support for plastering, for which purpose plaintiff's wall would have so served equally as well, and could be removed without in any wise affecting the stability of the building. The tile wall was not considered an outside wall, and was not in fact such wall, and would not have been such without the plaintiff's wall, and such material was generally used in business buildings only as a partition wall within the building. The rear of defendant's building was constructed of a 13-inch brick wall without any concrete columns to support the overhead weight of the building.

Under this state of facts defendant contends that it made no use of plaintiff's wall within the meaning of the contract sued on by which he could be held liable as found by the jury. Defendant's theory is grounded on the fact that plaintiff's wall was not used in any wise to support the weight of his building, as the beamwork for the support of the roof was not inserted into plaintiff's wall, but, on the contrary, rested upon the girder across the concrete columns or pilasters constructed along plaintiff's wall. In support of his theory defendant relies on the cases of Kingsland v. Tucker, 115 N. Y. 574, 22 N. E. 269, and Shelden Bank v. Royce, 84 Iowa, 288, 50 N. W. 987. In those cases it appeared that the wall for which compensation was being sought was not used to support the weight of the other building, as is also true in the case at bar, but, unlike it, there were independent walls constructed which were in fact outer walls. Hence, these cases appear not to be in point, as it was clearly shown by the evidence in the case in hand that the tile wall constructed by defendant in between the concrete columns was never considered as an outside wall. Use of a party wall does not necessarily mean that it must be used as a means to support the weight of the adjoining structure. The proof here shows that plaintiff's wall was in fact used as an external wall, as well as a fire wall above the roof, to which was joined the flashing from the roof to protect the fill-in wall from the elements as by moisture which it would not withstand, and thus protect the interior of defendant's building. It was used, therefore, to protect defendant's property against the elements of nature. Where a party, at his cost, erects a wall one-half on his own lot and one-half on the adjoining lot under an oral agreement with the adjoining lot owner that he or his grantee will pay one-half of the cost of the wall in the event of use thereof, or of such part so utilized, use of the wall thus constructed as an external wall by the adjoining lot owner for his building will render him liable under the terms of the agreement, and he will be required to pay for one-half of the cost of the wall so used. Harris v. Dosier, 72 Ill. App. 542; Morgan v. Avenue Realty Co., 46 Can. Sup. Ct. 589, Ann. Cas. 1913A, 766.

As was said in Harris v. Dosier, supra, plaintiff's wall "was never intended to be used, as the appellant has attempted to use it, as a protection against the rain and snow and wind and cold and heat, and built as close to appellant's building as his ingenuity could build it without being actually attached to it, and by lashing the two walls together with cement to keep the water out of the cracks between them. This the proofs show is what appellant did. Under this proof he is liable under the contract, for he has used the party wall." This language is peculiarly applicable to the cause at bar, and as the evidence thus reasonably tends to support the verdict of the jury, this court would not be justified in reversing the cause on the grounds on which this appeal is predicated. Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Oaks v. Samples, 57 Okla. 660, 157 Pac. 739.

For the foregoing reasons, therefore, the judgment of the district court is affirmed.

BENNETT, JEFFREY, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 30 Cyc. p. 789; anno. 24 L. R. A. (N. S.) 1038; 20 R. C. L. p. 1099; 5 R. C. L. Supp. p. 1139; 6 R. C. L. Supp. p. 1246.