H. C. HAPPLE et ux., Appellants, v. J. K. MONSON et al., Appellees.

No. 46638.

FEBRUARY 6, 1945.

G. F. Buresh, of Cedar Rapids, for appellants.

Chas. L. Benesh, of Cedar Rapids, for appellees.

SMITH, J.—On June 22, *1932*, defendant Monson obtained a justice-court judgment against plaintiffs. On June 22, *1942*, it was transcripted to the district court. Plaintiffs (judgment defendants) bring this suit to enjoin its enforcement, claiming that it was barred by the ten-year statute of limitations, section 11007, subsection 6, Code, 1939, at the time it was transcripted. The trial court sustained a motion to dismiss, holding the statutory time had not run. Certificate granting right of appeal to this court having issued, this ruling is here for review.

The sole issue presented is tersely stated by the trial court:

"The question revolves about a matter of one day. Plaintiffs claim that June *21*, 1942, was the last day of the validity of the judgment, while defendants say that the judgment was not barred until and including June *22*, 1942, and having been transcripted on said date to the District Court it thereupon became a judgment of the District Court of Linn County, Iowa, and good for twenty years thereafter."

The applicable statute of limitations, section 11007, subsection 6, provides that actions "founded * * * on judgments of any courts except those provided for in the next subsection" (not pertinent here) may be brought within ten years "after their causes accrue."

It is not seriously disputed that if transcripted before being barred a justice-of-the-peace judgment becomes a district-court judgment and a new period of limitation starts from that date. Miller v. Rosebrook, 136 Iowa 158, 113 N. W. 771; Rand & Co. v. Garner, 75 Iowa 311, 39 N. W. 515; Stover v. Elliott, 80 Iowa 329, 45 N. W. 901. Nor, on the other hand, is it claimed that

a judgment already barred would be revived by being so transcripted.

Appellants contend here that the ten-year period included June 22, 1932, and that June 21, 1942, was therefore the last day of the ten-year period. They rely largely on the language of certain of our own cases, e.g., Citizens Bk. v. Taylor, 201 Iowa 499, 207 N. W. 570, in which we said that action on a demand note dated February 9, 1914, became barred on February 9, 1924. Similar language was used by us in In re Estate of Fuller, 228 Iowa 566, 293 N. W. 55, and Horn v. Anderson, 234 Iowa 1068, 13 N. W. 2d 693.

The trial court properly points out that in none of these cases was the language necessary to the decision, the exact day of expiration of the statutory period not being material. Appellants also cite 62 C. J. 965, 967, and several cases from other jurisdictions.

We think the decision here must rest upon a construction of our own statutes, section 63, subsections 11 and 23, Code, 1939. Said subsection 11 defines the word "month" as a "calendar month" and the word "year" and the abbreviation "A. D." as equivalent to "year of our Lord." Appellants argue that the expression "year of our Lord" means a year beginning January 1st and ending the succeeding December 31st, citing 62 C. J. 965, section 11. By analogy they then argue that the first day of a given period must be counted and the corresponding later day excluded.

But we are not dealing here with a statute that involves a definition of the term "year A. D." We are confronted with a question of how to *compute* a given period of time—ten years. Subsection 23 of Code section 63, supra, gives us the formula for this purpose:

"Computing time. In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday."

We can conceive of no reason why this last-quoted statute should not be applied in computing time under the statute of limitations. We have used its formula in computing the statutory

year of redemption from execution sale of real estate: Teucher & English v. Hiatt, 23 Iowa 527, 92 Am. Dec. 440; in computing the time for taking appeal: Parkhill v. Town of Brighton, 61 Iowa 103, 15 N. W. 853, and Ritchey v. Fisher, 85 Iowa 560, 52 N. W. 505; and in computing the allowed time for filing bill of exceptions: Sheldon Bk. v. Royce, 84 Iowa 288, 50 N. W. 986. In Service System v. Johns, 206 Iowa 1164, 1168, 221 N. W. 777, we applied the rule without express reference to the statute, in holding that a motion to set aside default was filed in time. For other cases in which the rule has been followed, with or without express reference to the statute, see McLeland v. Marshall County, 199 Iowa 1232, 201 N. W. 401, 203 N. W. 1; Wilson v. Knight, 3 (G. Greene) Iowa 126; Des Moines Union Ry. Co. v. District Court, 170 Iowa 568, 153 N. W. 217; Bonney v. Cocke, 61 Iowa 303, 16 N. W. 139.

The purpose of the statute is doubtless to avoid the necessity of dividing the day the cause of action accrues, without shortening the time allowed. In the case of entering judgment, the exact hour and minute are, of course, not recorded, and the period of time allowed under the statute of limitations must either be *shortened* by including all of the day the judgment is entered or *lengthened* by entirely excluding it. Said subsection 23 prescribes the latter alternative. Fractions of days are not to be taken into account.

It is to be mentioned that, even in the absence of statutory mandate, the decided modern trend of judicial decision is in the same direction as required by our statute. 34 Am. Jur., Limitation of Actions, section 252; 37 C. J., Limitation of Actions, section 478.

Appellants cite Welch v. Welch, 212 Iowa 1245, 238 N. W. 81, in support of their contention. That decision is not controlling here. It involved a landlord's attachment. The statute provided that the lien for rent should not continue more than six months after the expiration of the term of the lease. The lease expired with the month of February and we held that the term "six months" meant six calendar months (under subsection 11 of section 63, supra) and would include all of March and through to and including all of August. No part days were involved.

654

Cases cited from other jurisdictions are not helpful here where we are guided by our own statutory provision. We hold the decision of the trial court was right.—Affirmed.

All JUSTICES concur.