Martha LANE and Larry Lane,
Plaintiffs–Appellees,

v.

SPENCER MUNICIPAL HOSPITAL,
Defendant–Appellant.

No. 12–1358.

Court of Appeals of Iowa.

June 26, 2013.

Jennifer Rinden and Drew Cumings–Peterson of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellant.

Jack B. Bjornstad of Bjornstad Law Office, Spirit Lake, for appellee.

Considered by VAITHESWARAN, P.J., and TABOR and MULLINS, JJ.

VAITHESWARAN, P.J.

Martha and Larry Lane sued Spencer Municipal Hospital for injuries Martha said she sustained when she fell in a hospital bathroom on February 28, 2010. The Lanes filed their petition on February 29, 2012. Spencer Municipal Hospital moved to dismiss the petition on the ground that the applicable two-year statute of limitations had expired. The district court initially granted the motion but, on reconsideration, concluded the petition was timely filed. The court stated the filing was timely, "but just by a whisker." The court reasoned that "we are counting two years, not any particular number of days" and "[i]f we exclude February 28, 2010, begin counting on the next day, March 1, 2010, and go forward two years, we land on February 29, 2012."

Spencer Hospital sought interlocutory review, which the Iowa Supreme Court granted. The case was transferred to this court for disposition.

The parties agree that actions founded on injuries to the person or reputation must be brought within two years of accrual. Iowa Code § 614.1(2) (2011). They disagree on when that two-year period expired. Spencer Hospital contends the Lanes had to file their lawsuit "by the anniversary date of the injury," which was February 28, 2012. The Lanes contend the first day was excluded, making February 29, 2012, the final day for filing.

The Lanes are right that, under our rule for computing time, "the first day shall be excluded and the last included." *Id.* § 4.1(34). But as the district court found in its original order, that rule does not help them:

If we exclude the first day, February 28, 2010, and count either 730 days forward or two years forward, the Court lands on the last day, 730 days later, that is, February 28, 2012. To be timely, the lawsuit must have been filed "within" two years.... [T]he time within which this lawsuit may have been commenced expired on February 28. The filing on February 29, 2012, was one day too late.

The Lanes point out that the district court's original order should not have referred to "days" because section 614.1 "counts years, not days." That may be true, but, as Spencer Hospital correctly notes, "year" is defined as "twelve consecutive months,"[1] month is defined as "a calendar month,"[2] and "two years" or twenty-four consecutive months from February 28, 2010, is February 28, 2012. Whether the reference point is days, months, or years, the last day to file the lawsuit was February 28, 2012, as the district court originally concluded, not February 29, 2012. *See Happle v. Monson,* 235 Iowa 650, 17 N.W.2d 391, 392 (1945) (applying equivalent of section 4.1(34) and concluding that a judgment entered on June 22, 1932, and transcribed on June 22, 1942, was not barred by a ten-year statute of limitations); *see also Schon v. Nat'l Tea Co.,* 19 Ohio App.2d 222, 250 N.E.2d 890, 892 (1969) ("[T]he term 'year,' is that period of time commencing the following day after the act or event occurred and ending at the close of the first anniversary of the day the act occurred.").

In reaching this conclusion, we have considered the fact that 2012 was a leap year. That fact is immaterial because the statute of limitations had already expired before February 29, 2012. But, even if the statute had yet to expire, an intervening leap year would not have added a day to the calculation; a year is a year with or without the added day. *See Yokley v. Belaski,* 982 F.2d 423, 425 (10th Cir.1992) (for purposes of sentencing, concluding that "when an inmate is incarcerated for a term of years it makes no difference that a year contains 365 or, in the case of a leap year, 366 days"); *Kowalski v. Hereford L'Oasis,* 190 Or.App. 236, 79 P.3d 319, 321 (2003) (concluding original complaint filed on the two-year anniversary of plaintiff's injury was timely notwithstanding an intervening leap year); 4B Wright & Miller, *Federal Practice and Procedure* § 1162 (3d ed. 2002) ("If the time period for filing an action is one year and the action that triggers the running of the statute of limitations occurs during a leap year, the one-year period consists of 366 days. For the purposes of a statute of limitations, one year is equivalent to a calendar year, whether there are 365 or 366 days."); *see generally* 86 C.J.S. *Time* § 11 (2006) ("If a period of time is to be measured in years, the additional day which occurs during leap year and the day preceding are to be reckoned as one day."); E.L. Strobin, *What 12–Month Period Constitutes "Year" or "Calendar Year" As Used in Public Enactment, Contract, or Other Written Instrument,* 5 A.L.R.3d 584, § 5 (1966) (citing opinions construing the term "year" or "calendar year" to mean "a period of 12 months commencing at a fixed or designated month which terminated with the day of the corresponding month in the next succeeding year thereafter, rather

---

1. Iowa Code § 4.1(40).

2. Iowa Code § 4.1(16).

than a period commencing January 1st and terminating the succeeding December 31"). *But see Yeinsip v. Lufthansa Ger. Airlines,* 725 F.Supp. 113, 115 (D.Puerto Rico 1989) (holding that for purposes of one-year statute of limitations where accident occurred on February 1, 1988, a leap year, "the determination of whether this action is time barred shall be made on the basis of considering a year having 366 days," and concluding action filed on February 1, 1989, was timely).

We conclude the district court erred in revisiting its original order and overruling Spencer Municipal Hospital's motion to dismiss. We reverse and remand for reinstatement of the original order and entry of judgment of dismissal.

### REVERSED AND REMANDED.

VOGEL, J., takes no part.

MULLINS, J., concurs.

TABOR, J., dissents.

TABOR, J. (dissenting).

I respectfully dissent. I would find the Lanes' leap day filing to be timely and affirm the district court.

The quirky question at hand is whether February 29, 2012, a day known as the bissextile,[3] falls within two years of February 28, 2010. I believe it does—based on both the language of our state statutes and common law principles.

As the majority accurately describes, the Lanes were required to bring their action within two years of its accrual date of February 28, 2010. *See* Iowa Code

§ 614.1(2). Because the code defines a year as twelve consecutive months and a month as a calendar month, the two-year limitations period would translate into twenty-four consecutive calendar months. *See id.* §§ 4.1(40), 4.1(16). Time for filing is computed by excluding the first day and including the last day. *Id.* § 4.1(34).

The Lanes rely on section 4.1(34) to exclude February 28, 2010, and start the clock ticking on March 1, 2010. They then reason: "Moving the calendar forward 24 calendar months from March 1, 2010, we reach the day before March 1, 2012." Because February 29, 2012, was the day before March 1, 2012, the Lanes believe their lawsuit was filed within the limitations period.

The majority finds section 4.1(34) does not help the Lanes because under the anniversary-date rule, two years forward from February 28, 2010, was February 28, 2012, and therefore, the statute of limitations had expired by February 29, 2012. The majority cites to the district court's original ruling, which counted in days, and determined that excluding the first day, February 28, 2010, and counting forward 730 days (365 times two) reached a due date of February 28, 2012. The flaw in that calculation is that working by anniversary dates—sometimes two years will encompass 730 days and sometimes 731 days. For example, February 28, 2008 to February 28, 2010 is 731 days; February 28, 2009 to February 28, 2011 is 730 days; February 28, 2010 to February 28, 2012 is 730 days; and February 28, 2011 to February 28, 2013 is 731 days. Because section 4.1(40) directs us to count years in

---

**3.** The bissextile is the day which is added every fourth year to the month of February to allow the length of the year to agree with the course of the sun. Bouvier's Law Dictionary, 366 (8th ed.1914). "It is called bissextile because in the Roman calendar it was fixed on the sixth day before the calends of March (which answers to the twenty-fourth day of February) and this day was counted *twice;* the first was called *bissextus prior,* and the other *bissextus posterior;* but the latter was properly called bissextile or intercalary day." *Id.*

terms of months instead of days, I don't believe strict adherence to an anniversary-date rule works in this unique situation.

Our statutes do not definitively address whether twenty-four calendar months forward from February 28, 2010, would be February 28 or February 29 of 2012. We can look to the common law to fill this void. *See Iowa Civil Liberties Union v. Critelli,* 244 N.W.2d 564, 568 (Iowa 1976) ("Although not expressly declared to be part of the law of this state by constitution or statute, the common law has always been recognized as in force in Iowa.").

Blackstone addressed the measure of a year in his writings: "The space of a year is a determinate and well-known period, consisting commonly of 365 days; for though in bissextile or leap-year, it consists properly of 366, yet, by the statute 21 Henry III, the increasing day in the leap-year, together with the preceding day, shall be accounted for one day only." *See* 2 William Blackstone, Commentaries, ch. 9, at 141, *quoted in Dickey v. Bank of Clarksdale,* 183 Miss. 748, 184 So. 314, 322–23 (1938). In discussing how to calculate the age of majority for children born on February 29, the American Law Reports described the common law rule:

> The early English Statute of Leap Year, 40 Henry III (1256), or 21 Henry III (1236) in 1 Ruffhead's Statutes at Large 20, which, in conformity with the Roman practice, instituted a forty-eight-hour legal day, should, unless repealed, survive as a part of the common law in the United States.... The force of the statute is, in legal contemplation, to deny February 29 existence as a distinct day, but rather to treat it as a twenty-four-hour prolongation of February 28.
>
> . . .

5 A.L.R.2d 1143 (2011) (footnotes omitted).

When we reckon February 28 and February 29 as a single day, the Lanes' filing was timely.

While I believe our statutes and the common law point to February 29, 2012, as the last possible day for the Lanes to file their lawsuit, I acknowledge the uncertainty that prompted the district court to change its mind regarding dismissal. Not surprisingly, no Iowa case provided the parties or the district court guidance on the question whether the two-year period expired on February 28 or 29, 2012.

So even if the majority's reading of the limitation in section 614.1(2) is equally plausible, our courts adhere to the following "bedrock principle" when interpreting statutes of limitations: "When two interpretations of a limitations statute are possible, the one giving the longer period to a litigant seeking relief is to be preferred and applied." *Rock v. Warhank,* 757 N.W.2d 670, 676 (Iowa 2008) (explaining Iowa courts rely on this principle because statutes of limitations are disfavored). I would apply this principle, affirm the district court, and remand for further proceedings.