McCoy & James v. Cox.

1. **Judgment:** IN JUSTICE'S COURT: EFFECT OF FILING TRANSCRIPT. Under section 3568 of the Code the filing of a transcript of judgment from a justice in the Circuit Court renders the judgment enforceable by execution for the period of twenty years from the date of such filing. DAY, J., and ADAMS, CH. J., *dissenting.*

*Appeal from Keokuk District Court.*

WEDNESDAY, OCTOBER 20.

A MOTION to set aside a sale of lands upon execution was sustained, and from this order plaintiff appeals. The facts of the case appear in the opinion.

*Donnell & Brooks,* for appellants.

No appearance for appellee.

BECK, J.—On the 3d day of November, 1865, a certified transcript of a judgment in favor of plaintiffs, rendered on the same day against defendant by a justice of the peace, was filed in the office of the clerk of the District Court. On the 3d day of December, 1878, an execution was issued upon the judgment by the clerk of the District Court, and certain real estate was sold thereon, and purchased by plaintiffs. A motion to set this sale aside was sustained by the District Court. The amount in controversy being less than one hundred dollars, the judge of the District Court certified the following question for determination by this court: "Can an execution issue from the District Court on a judgment of a justice of the peace after ten years from the date of its rendition, when a transcript of said judgment has been filed in said District Court on the date of the rendition of said judgment by said justice?" No other question is for consideration in this case.

The District Court held that the execution could not issue;

*[marginal note: 1. JUDGMENT: in justice's court: effect of filing transcript.]*

that it was barred after the expiration of ten years under Code, § 3569, which provides that execution upon judgments in justice's court may not be issued after ten years from their dates.

The following sections of the Code determine the question before us.

"Sec. 3567.    The party obtaining a judgment in a justice's court for more than ten dollars may cause a transcript thereof to be certified to the office of the clerk of the Circuit Court in the county.

"Sec. 3568.    The clerk shall forthwith file such transcript, and enter a memorandum thereof in his judgment docket, noting the time of filing the same, and from the time of such filing it shall be treated, in all respects as to its effect and mode of enforcement, as a judgment rendered in the Circuit Court as of that date, and no execution can thereafter be issued by the justice on that judgment."

The language of Sec. 3568 is explicit.    It expressly provides that the transcript shall be filed and entered in the judgment docket, and thenceforward "it shall be treated, in all respects as to its effect and manner of enforcement, as a judgment rendered in the Circuit Court of that date."

The effect of a judgment in the Circuit Court is as follows:

1.    It is a lien upon real estate for ten years.

2.    It may be enforced for twenty years.    Code, §§ 3025, 2529, ¶ 6.

The manner of enforcement of such a judgment is by execution.

It follows that, as the judgment in question "is to be treated, in all respects as to its effect and manner of enforcement, as a judgment rendered in the Circuit Court," an execution may issue thereon at any time within twenty years.

It was the view of the court below that the object of Code, §§ 3567 and 3568, is to provide for the enforcement of judgments rendered by justices against real estate.    That, doubtless, was one object, and the provisions give them such

McCoy & James v. Cox.

effect. But under the language of the statute they are to have the effect, in every respect, of judgments of the Circuit Court. The effect of judgments in the Circuit Court is to bind the defendants therein for twenty years, and to be en- forceable during that time by execution.

In our opinion the judgment of the District Court is erroneous; it is, therefore,

REVERSED.

DAY, J., *dissenting.*—I cannot concur in the foregoing opinion. The error of the opinion, in my judgment, is in holding that it is an *effect* of a judgment in the Circuit Court that it may be enforced for twenty years. An effect is something produced or occasioned. A lien upon real estate is an effect of a judgment in the Circuit Court, because such a judgment occasions or produces such a lien. But that a judgment may be enforced for twenty years is not an effect of a judgment, but a property or quality of a judgment. It is a part of the definition of a judgment in the Circuit Court that it shall be susceptible of enforcement for twenty years. The effect of anything must be something apart and distinct from the thing itself. It is not possible that the effect of a thing should constitute a part of the thing itself, for, if so, the effect would constitute a part of the cause, and cause and effect would, in part, be the same.

It is to be observed that section 3568 of the Code does not provide that from the time of filing a transcript, and entering a memorandum thereof in the judgment docket, a judgment in a justice's court shall become a judgment of the Circuit Court, nor even that it shall be treated as a judgment of the Circuit Court. It simply provides that in some respects it shall be treated as a judgment of the Circuit Court. It shall be treated, in all respects as to its *effect* and *mode of enforcement*, as a judgment of the Circuit Court. This implies that as to all other respects, except as to its effect and mode of enforcement, it shall not be treated as a judgment of the Circuit Court. The effect of a judgment in the Cir-

cuit Court is that it produces, occasions, or brings into exist-
ence, a lien upon real estate. The mode of enforcement of
such judgment is by execution from the Circuit Court. When
a transcript from a justice's docket has been filed, and the
proper memorandum entered, it produces a like lien upon
real estate, and it must be enforced by execution from the
Circuit Court. The duration of the enforceable character of
the judgment is not an effect, but a property, a quality, a part
of the judgment itself, and is not affected by the filing of a
transcript. In my opinion no execution could properly issue
upon the judgment in question after the expiration of ten
years from its original date. If the view of the majority be
correct, it follows that a transcript may be filed just before
the expiration of ten years, and the enforceable quality of
the judgment continues for twenty years longer, thus making
it enforceable by execution for nearly ten years longer than
if it had been originally rendered in the Circuit or District
Court. I cannot believe that the statute in question was in-
tended to have any such effect, or that a proper construction
of it accomplishes such results. I think the question in-
volved was properly determined by the court below.

ADAMS, CH. J., concurs in this dissent.