Rand & Co. v. Garner.

## RAND & CO. v. GARNER *et al.*

1. **Judgment**: LIEN ON EQUITY IN LAND. A judgment is a lien upon the equitable interest in real estate owned by the defendant at the time of its rendition, or subsequently acquired. ( Code, sec. 2882 ). Accordingly *held* that a judgment against defendant was a lien on real estate which he subsequently acquired and took possession of under a contract of purchase, though it had not been conveyed to him.

2. ———: IN JUSTICE'S COURT: TRANSCRIPT: DURATION OF LIEN. A judgment rendered in a justice's court, a transcript of ·which is filed in the district court, becomes a lien on real estate for ten years from the filing of the transcript, and not from the date of the judgment only. (See Code, sec. 3568, and *McCoy v. Cox*, 54 Iowa, 595).

*Appeal from Taylor District Court.*—HON. J. W. HARVEY, Judge.

FILED, OCTOBER 3, 1888.

Rand & Co. v. Garner.

ACTION in equity to foreclose a mortgage on real estate. Judgment was entered against the mortgagor, Garner, by default. Windson & Cathcart were made defendants, and it was alleged that the interest claimed by them in the mortgaged premises was inferior to the lien of the mortgage. They answered alleging a senior lien on the property under a judgment against Garner. The judgment determined that theirs is the superior lien. Plaintiffs appeal.

*Crum & Haddock,* for appellants.

*J. L. Brown* and *Charles Thomas,* for appellees.

REED, J.—There is no dispute as to the facts. In January, 1877, Windson & Cathcart recovered a judgment in justice's court against defendant Garner, and in December, 1881, a transcript of said judgment was filed in the office of the clerk of the circuit court, and a memorandum thereof was duly entered by the clerk in the proper record. In 1883, Garner entered into a parol contract with one Long for the purchase of the property in question, which is a lot in Bedford. He did not pay any part of the purchase money, but he took possession of the lot, and erected a dwelling-house thereon, which he subsequently occupied with his family as a place of residence. He purchased the lumber for said building from plaintiffs, and on the first of January, 1886, he executed his promissory note to them for the amount of the lumber-bill, and gave a mortgage on the premises to secure the same. He has paid the interest on the note given to Long for the price of the lot for two years, but has made no other payments upon it, and Long has not conveyed it to him.

I. The first question argued by counsel is whether Garner acquired any interest in the real estate by his contract with Long, upon which the 1. JUDGMENT: lien on equity in land. judgment could attach as a lien. As stated above, he was in possession under a contract of purchase, but had not received a conveyance. The

relation between him and Long is that of mortgagor
and mortgagee of the property. He is the equitable
owner, but Long holds the title as security for the price.
A judgment is a lien upon an equitable interest in real
estate owned by the defendant, at the time of its rendi-
tion, or subsequently acquired. Code, sec. 2882; *Harri-
son v. Kramer*, 3 Iowa, 543; *Cook v. Dillon*, 9 Iowa,
407; *Denegre v. Haun*, 13 Iowa, 240. The transcript of
the judgment having been filed before he acquired the
interest, it at once, upon the purchase of the property,
became a lien upon his interest.

II. The lien of a judgment continues for ten years
after its rendition. Code, sec. 2882. This suit was
instituted within ten years after the filing
of the transcript in the clerk's office, but
more than ten years after the judgment was
rendered by the justice. The important.
question in the case is whether the time during which the
lien continues commences at the date of the rendition of
the judgment by the justice, or that of the filing of the
transcript in the office of the clerk. If the time is to
be computed from the former date, the lien terminated
before this suit was instituted. If from the latter, it
continues, and is superior to plaintiff's mortgage.
Section 3568 of the Code is as follows: "The clerk shall
forthwith file such transcript and enter a memorandum
thereof in his judgment docket, noting the time of filing
the same, and from the time of such filing it shall be
treated in all respects, as to its effect and mode of
enforcement, as a judgment rendered in the circuit
court as of that date; and no execution can thereafter
be issued by the justice on the judgment." Under that
provision, we think the judgment has all the force and
effect of a judgment rendered by the circuit court as of
the date of the filing of the transcript. In *McCoy v.
Cox*, 54 Iowa, 595, it was held that such a judgment
might be enforced by execution issued at any time
within twenty years from the date of the filing of the
transcript, which is the time within which judgments in
the circuit or district courts may be so enforced. Code,

*2. ——: in justi-
ce's court:
transcript:
duration of
lien.*

secs. 2529, 3025. But if it should be regarded as a judgment rendered by a justice of the peace, execution could not be issued after ten years from the date of its rendition. *Id.* sec. 3569. It is said in both the majority and minority opinion, in *McCoy v. Cox*, that the lien is an effect of the judgment, and clearly that must be true, for it is the result or consequence of the judgment. We think, therefore, that the district court rightly held that the lien of the judgment had not terminated.

AFFIRMED.