CARLOW, Respondent, v. JORDAN, Appellant.

(162 N. W. 749.)

(File No. 4022.   Opinion filed May 16, 1917.)

**Indians—Allotted Land—Patent to Heir—Title, By Descent or Statute?—Doctrine of Relation, Whether Applicable—Liability for Debt.**

Under a trust patent to the heir of a deceased allottee of Indian land, the grantee takes title, not by inheritance from the deceased, but because, under Act Cong., February 8, 1887, Chap. 119, 24 Stat. 388, Sec. 6, as amended by Act May 8, 1906, Chap. 2348, 34 Stat. 182 (U. S. Comp. St., 1916, Sec. 4203), and Act June 21, 1906, Chap. 3504, 34 Stat. 327 (U. S. Comp. St., 1916, Sec. 4235), providing that no land acquired under said act shall in any event become liable to satisfaction of any debt contracted prior to issuing of final patent in fee therefor, and because he was designated by said statute as one of a class who might take title from the government under such circumstances; and under said laws the heir had no interest in the land until he received said patent; hence the doctrine of relation back to the time of the death of the allottee does not apply in determining the nature of source of title in the heir; and the heir had no interest in the land until he received the patent, the interest in said land held by the allottee during his lifetime being only a trust in his behalf, the legal title remaining in the government, and all interest held by allottee reverted back to the United States upon his death, and a new title in fee went to heir under the patent to him. Therefore,

held, further, that said land, after issuance of patent to the
heir, was not liable to satisfaction of a judgment against the
patentee, recovered prior to issuance of the patent.

Appeal from Circuit Court, Bennett County.  Hon. WILLIAM
WILLIAMSON, Judge.

Action by Theodore H. Carlow, against John C. Jordan, to
quiet title to India lands patented to plaintiff as heir of the Indian
allottee.  From an order overruling a demurrer to the complaint,
defendant appeals.  Affirmed.

*Lawrence H. Hedrick,* for Appellant.

*Walcott & Walcott,* and *W. J. Hooper,* for Respondent.

Appellant cited:  Bigelow v. Chatterton, 51 Fed. 617; United
States v. Freyberg, 32 Fed.; Deffebeck v. Hawke, 115 U. S. 392;
Carroll v. Safford, 3 Howard, 441; Cornelius v. Hessell (Wis.)
16 N. W. 550; Blatchley v. Coles, 6 Colo. 350; Steele v. Smelt-
ing Co., 106 U. S. 447; Struby, Estabrook Mercantile Co. v.
Davis, 18 Colo. 93, 36 Am. St. Rep. 266; Sec. 7, Act of Cong. of
May 31, 1902, (Ch. 946, 32 Stat. L. 284.)

Respondent cited:  Act of Cong. June 21, 1906, 34 U. S.
Stat. 327; 32 Cyc. 1037; Hussman v. Durham, U. S. Sup. Ct. 41
L. Ed.; Monson v. Simonson, U. S. Sup. Ct. 58 L. Ed.; Gould
v. Tucker et al., 18 S. D. 281; United States v. Rickert, 188 U.
S. 432.

McCOY, J.  This action was instituted to quiet title to cer-
tain lands owned by plaintiff situated in Bennett county.  It ap-
pears from the complaint that one John Carlow, a Sioux Indian,
under the act of Congress approved February 8, 1887, was al-
lotted the land in question by virtue of a trust patent dated De-
cember 18, 1906; that said John Carlow died on the 14th day of
February, 1908; that under the laws of the United States in
relation to such allotments the Secretary of the Interior issued
to the plaintiff, who was the father and hear of said John Carlow,
deceased, a fee-simple patent for said land on the 27th day of
November, 1912; that on the 30th day of January, 1911, the de-
fendant recovered a judgment for $479.62 and costs against plain-
tiff, and which judgment was docketed and filed in said Bennett
county; that said judgment was based upon a promissory note
theretofore executed and delivered by plaintiff to defendant; that
said judgment is not a lien against said real estate; but that the

filing and docketing thereof is an apparent lien and cloud against plaintiff's title to said land. Plaintiff prayed judgment and decree against defendant quieting his title to said land as against said judgment, and that said judgment be decreed not to be a lien upon or against said land. To which complaint defendant demurred on the grounds that said complaint does not state facts sufficient to constitute a cause of action, and that the court has no jurisdiction over the defendant or the subject-matter of the action. From the order overruling said demurrer, the defendant appeals.

It is appellant's contention that plaintiff's title and right to said land had its inception at the instant of the death of said John Carlow, and that under the rules of succession the said patent in fee issued to plaintiff on the 27th day of November, 1912, under the doctrine of relation, or relation back, was the same, for the purpose of this action, as if said patent in fee had been in fact issued to plaintiff on the 14th day of February, 1908, the date of the death of said John Carlow, and that any debt contracted by plaintiff after the death of John Carlow might be satisfied out of said real estate. We are of the opinion that this contention is not well grounded. The plaintiff did not acquire his title to the land in question at the instant of the death of said allottee, as an heir, under the laws of succession, or inheritance, of this state. His title did not come to him through John Carlow, but it came direct from the United States under and by virtue of certain federal statutes which designated who might take such allotment upon the death of the original allottee. Act Cong. Feb. 8, 1887, relative to Indian allotments, as amended by Act Cong. May 8, 1906, and Act Cong. June 21, 1906. If plaintiff did not take title by or through inheritance, but because he was designated by statute as one of a class who might take title from the United States, under certain circumstances, it therefore follows that the doctrine of relation or relation back has no application to this case. These acts of Congress under which plaintiff might acquire title direct from the government contained the provision that:

"No land acquired under the provisions of this act shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the final patent in fee therefor."

We are of the opinion that the judgment of defendant is precluded from being a lien on said land of plaintiff by virtue of this statute; that in no case will such land be liable to execution or satisfaction of any debt contracted before the issuance of the final patent. This statute expressly designates the event that will render such land liable for the satisfaction of the debts of the person to whom the United States grants title.

Under this federal law the plaintiff, as father of John Carlow, deceased, had no interest whatever in said land until he received said patent. The interest in said land held by John Carlow during his lifetime was only a trust in his behalf. The legal title was at all times in the federal government. Upon the death of John Carlow all interest held by him reverted back to the United States, and an entirely new title in fee went to the plaintiff, free and clear of all incumbrances under and by virtue of the final patent. We are of the opinion, and therefore hold, that the complaint in question states a good cause of action, and that the court had jurisdiction over defendant and the subject-matter.

The order appealed from is affirmed.