FRIDLEY et al, Appellants, v. MUNSON et al, Respondents.

(194 N. W. 841.)

(File No. 4996.  Opinion filed July 19, 1923.)

1.  **Judgment—Liens—Judgment is Lien on Equitable as Well as Legal Estates.**

   Rev. Code 1919, Sec. 2569, providing that judgments shall be a lien on all the real property in the county where docketed, of the person against whom rendered, includes equitable as well as legal estates of the judgment debtor.

2.  **Quieting Title—Judgment Creditor—Real Property—Judgment Creditor May Bring Action Under Statute to Determine Supposed Equitable Interest of Judgment Debtor in Realty Before Levying Thereon.**

   Under Rev. Code 1919, Sec. 2846, authorizing an action by any person having or claiming an estate or interest in or lien or incumbrance upon any real property to bring an action to determine adverse claims, a judgment creditor who believes that his judgment debtor is the owner of realty, standing of record in another's name may sue to have the nature and extent of such judgment debtor's interest determined and then levy upon and sell same to satisfy his judgment.

   Sherwood, J., dissenting.

Appeal from Circuit Court, Hamlin County; Hon. W. N. Skinner, Judge.

On motion for rehearing.  Judgment reversed.

For former opinion, see 191 N. W. 453.

*M. E. Culhane* and *B. H. Schaphorst,* both of Brookings, and *F. C. Austin,* of Minneapolis, Minn., and *M. J. Russell,* of Watertown, for Appellants.

Appellants cited: 19 Encyclopedia of Law, Second Ed., 12; Ocean National Bank v. Olcutt, 46 N. W. 12; Conrade v. Atlantic Ins. Co., 1 Peters 385, 7 L. ed. 189; 15 R. C. L. 793; 2 Freeman, Judgments, 4th ed., 620; 15 R. C. L. 806; Atwater v. Manchester Savings Bank, 48 N. W. 187.

POLLEY, J.  [1, 2]  This appeal is before the court on rehearing.  The former opinion of the court is reported in 46 S. D. 525, 191 N. W. 453.  The complaint appears to have been framed under the provisions of section 2846, R. C. 1919, but the relief asked in plaintiff's complaint is that the court ascertain the

extent of the Madden's interest in the real property involved, and that plaintiffs' judgment be declared to be a lien thereon. There are sufficient facts pleaded in the complaint to entitle plaintiffs to this relief, provided they are entitled to maintain this action, and the remaining portions of the complaint may be treated as mere surplusage. It is contended by appellants, and is so stated by the court in the former opinion, that:

"This action is brought to determine the liens or interests of all parties, and for the purpose of having the plaintiffs declared to have a judgment lien on said premises for the amount of said judgment."

This contention is based on the provision of section 2569, R. C. 1919, which provides that the judgment:

"Shall be a lien on all the real property, except the homestead, in the county where the same is so docketed, of every person against whom any such judgment shall be rendered," etc.

The language of this section of the law appears to be broad enough to include what are denominated equitable as well as legal estates, but it is contended by respondents that only legal estates are meant, and that, before appellants can maintain this action, they must levy upon the property and sell the same at execution sale. This is the view taken by the Supreme Court of North Dakota of a statute identical with our section 2569. In Cummings v. Duncan, 22 N. D. 534, 134 N. W. 712, Ann. Cas. 1914B, 976, that court says:

"If he (the judgment creditor) desired to reach such equitable interest, he should have levied thereon under an execution. Section 7082, R. C., above mentioned, has no application to mere equitable interests in real property; but it confers, and was intended to confer a lien only on the legal title held by the judgment debtor."

Our former opinion was based largely on this case; but on further consideration we are convinced that this is placing too restricted an interpretation on the statute. So long as the registry laws protect the interests of purchasers without notice of the trust estate, we can see no valid reason why section 2569 should not be held to include equitable as well as legal estates, and this seems to be in line with other states having statutes similar to our own. Atwater v. Manchester Savings Bank, 45 Minn. 341, 48 N. W.

187, 12 L. R. A. 741; 15 R. C. L. 806, § 268. From this it follows that appellants are, and at the time this action was commenced were, entitled to maintain an action to have the nature and extent of the judgment debtor's interest ascertained by judicial decree, and to have the same subjected to the payment of the judgment. And we will say further that, inasmuch as it is necessary in nearly all, if not all, cases similar to this to have the nature and extent of the judgment debtor's interest in the property involved determined by a court of competent jurisdiction at some stage of the proceeding, we can see no valid reason why such interest should not be determined before execution or sale. Cases might arise where a judgment creditor might in good faith levy an execution and sell property that he believed belonged to his judgment debtor and satisfy his judgment, only to find that such debtor had no interest at all in the property. In such case the costs of the execution and sale would be a total loss, and he would be put to the labor and expense of having his judgment restored. We hold that in the future a judgment creditor who believes that his judgment debtor is the owner of real property standing of record in the name of another may, in the first instance, maintain an action to have the nature and extent of the judgment debtor's interest determined, and then levy upon and sell the same to satisfy his judgment.

The judgment appealed from is reversed.

SHERWOOD, J., dissenting.

DILLON, J., not present.

Note.—Reported in 194 N. W. 841. See, Headnote (1), American Key-Numbered Digest, Judgment, Key-No. 780(2), 23 Cyc. 1370; (2) Quieting Title, Key-No. 21, 32 Cyc. 1334—1924 Anno.

On question of interest of vendee in executory contract for the purchase of real property as subject to lien of judgment, execution or attachment against him, see note in L. R. A. 1915B, 340.