JORDAN, et al, Appellants, v. O'BRIEN, et al, Respondents

(9 N. W.2d 146.)

(File No. 8601. Opinion filed April 19, 1943.)

Rehearing Denied August 9, 1943.

**W. J. Hooper,** of Gregory, for Appellants.

**Roscoe Knodell,** of Winner, for Respondents.

RUDOLPH, J. This is an action to quiet title. The question involved concerns the effect of an execution sale of the premises to the plaintiff. The execution was issued under a judgment obtained by the plaintiff against George E. O'Brien. The land in question was originally the allotment of one Alice Good Voice, a Rosebud Sioux Indian. Prior to the issuance of a patent in fee Alice Good Voice died. Thereafter on December 5, 1929, the Secretary of the Interior caused the land to be sold to George E. O'Brien, a white man. The land was purchased by O'Brien under a contract of sale and for a total consideration of $1,000. O'Brien paid $250 at the time of the execution of the contract and the remaining sum due was to be paid in three installments of $250 each. O'Brien defaulted in one or more payments and thereafter on September 6, 1933, with the consent of the Secretary of the Interior, O'Brien assigned all of his right, title and interest in and to the said land to the defendant Cora O'Brien and in the assignment requested that upon completion of the payments provided for in the contract, a patent in fee be issued for said land in the name of Cora O'Brien. Cora O'Brien completed the payments required under the contract and on the 28th day of March, 1935, the patent in fee was issued to her.

Plaintiff's action against George E. O'Brien was commenced on September 16, 1932. A warrant of attachment was issued in the action and the sheriff attached the interest of George E. O'Brien in the said land. Judgment was entered in the action in favor of the plaintiff and an execution issued. The interest of George E. O'Brien in said land was sold to the plaintiff under the execution and on February 19, 1934, a sheriff's deed was issued to the plaintiff for the interest of George E. O'Brien in said land.

The above facts are without dispute and based upon these facts the court concluded that George E. O'Brien never had any title to or estate in the said lands subject to attachment or levy under an execution, and that the fee-simple patent from the United States to the defendant Cora O'Brien conveyed to her the land in fee simple, free and clear from any claim of the plaintiff.

The question presented concerns the rights acquired by George E. O'Brien under his contract to purchase the land. The respondent contends and it was the position taken by the trial court, that by this contract George E. O'Brien acquired no title or estate in the land that was subject to levy and sale under the execution issued. The basis for this contention and conclusion is substantially as follows: The land was Indian land and allotted to Alice Good Voice under the Act of Congress of February 8, 1887, 24 Stat. 388, which provided for the allotment of lands in severalty to Indians on the various reservations. The 1887 Act had no provision for a determination of heirship by the Secretary of the Interior following the death of an allottee and on May 8, 1906, 34 Stat. 182, 25 U. S. C. A. § 404 note, Section 6 of the original Act was amended as follows: "That hereafter when an allotment of land is made to any Indian and any such Indian dies before the expiration of the trust period, said allotment shall be cancelled and the land shall revert to the United States, and the Secretary of the Interior shall ascertain the legal heirs of such Indian, and shall cause to be issued to said heirs and in their names, a patent in fee simple for said land, or he may cause the land to be sold as provided by law and issue a patent therefor to the purchaser or purchasers, and pay the net proceeds to the heirs, or their legal representatives, of such deceased Indian. The action of the Secretary of the Interior in determining the legal heirs of any deceased Indian, as provided herein, shall in all respects be conclusive and final."

The original Act was further amended by the Act of Congress of June 21, 1906, 34 Stat. 327, 25 U. S. C. A. §§ 354, 410, as follows:

"That the Act entitled 'An Act to provide for the allotment of lands in severalty to Indians on the various reservations, and to extend the protection of the laws of the United States and the Territories over the Indians, and for other purposes,' approved February eighth, eighteen hundred and eighty-seven, be, and is hereby, amended by adding the following:

"No lands acquired under the provisions of this Act shall, in any event, become liable to the satisfaction of any debt contracted prior to the issuing of the final patent in fee therefor.

"That no money accruing from any lease or sale of lands held in trust by the United States for any Indian shall become liable for the payment of any debt of, or claim against, such Indian contracted or arising during such trust period, or, in case of a minor, during his minority, except with the approval and consent of the Secretary of the Interior."

It is respondent's contention that George E. O'Brien acquired this land under the provisions of the 1887 Act and that by the amendment of June 21, 1906, such land was not "liable to the satisfaction of any debt contracted prior to the issuing of the final patent in fee therefor." Respondent further contends that the debt for which the interest of George E. O'Brien in land was sold under execution was contracted prior to the issuing of patent in fee to Cora O'Brien and that it follows the land never became liable to the satisfaction of such debt.

Neither respondent nor appellant has given any consideration to the Act of Congress of June 25, 1910, c. 431, Sec. 1, 36 Stat. 855. This 1910 Act is entitled, "An Act to provide for determining the heirs of deceased Indians, for the disposition and sale of allotments of deceased Indians, for the leasing of allotments, and for other purposes." This Act does not purport to amend the 1887 Act, but we believe that it could, with reason, be argued that this Act of 1910 supersedes the 1887 Act as amended on May 8, 1906. However, since neither party has placed any reliance upon the

1910 Act and because our decision under that act, if applicable, would be the same as the decision herein reached by applying the amendment of May 8, 1906, we confine our discussion to that amendment.

■ We are unable .to conclude that the amendment of June 21, 1906, which provided that any land acquired under the 1887 Act should not be liable for any debt contrácted prior to the issuing of the final patent, has any application to the present facts. We are of the view that this provision found its way into the law for the protection of the Indians, who were wards of the government, and not for the protection of the man who purchased Indian land. This opinion is confirmed by the second part of the June 21, 1906 amendment which exempts any money obtained from the sale of Indian lands held in trust from any debt of the Indian arising during the trust period. This land in question was acquired by O'Brien through purchase from the Secretary of the Interior. True, the amendment of May 8, 1906, authorized the Secretary of the Interior to sell the land, but we do not believe that such authorization to the Secretary of the Interior and a sale thereunder constitutes an acquisition of land under the provisions of the 1887 Act, within the meaning of the amendment of June 21, 1906. Keeping in mind the purpose of the amendment, which we think is apparent, we are of the opinion that reference to land acquired under provisions of the Act relates to the allotment of lands to Indians, and, as held by this court in the case of Carlow v. Jordan, 39 S. D. 28, 162 N. W. 749, to the acquisition of title by those Indian heirs who are entitled to take title, in the event of the death of the allottee. We think it obvious that there was no intention to exempt land purchased by a white man from his debts incurred before the issuance of a patent, and a holding that there was such an intention would lead to absurd results, which would find no support in the apparent purpose of the amendment.

■ Under the rule announced by this court in the case of Fridley et al. v. Munson et al., 46 S. D. 532, 194 N. W. 840, 841, 30 A. L. R. 501, we are of the opinion that the interest

George E. O'Brien in this land acquired under his contract with the Secretary of the Interior was subject to levy and sale under execution. Any statement in the case of Reid v. Gorman et al., 37 S. D. 314, 158 N. W. 780, contrary to the rule announced in the Fridley-Munson case, has been, in our opinion, overruled by this later opinion of this court.

The judgment appealed from is reversed.

All the Judges concur.