475 P.2d 775

S. E. WARREN and Home Oil Company, Inc., Plaintiffs-Appellants,

v.

L. E. RODGERS and Betty A. Rodgers, Pueblo Indian Center Foundation, Inc., a corporation, Robert M. Stuart, and All Unknown Claimants in Interest in the Premises Adverse to the Plaintiffs, Defendants-Appellees.

No. 9033.

Supreme Court of New Mexico.

Oct. 19, 1970.

Bigbee & Byrd, F. Joel Roth, Santa Fe, for plaintiffs-appellants.

Henry J. Hughes, Santa Fe, for Pueblo Indian Center Foundation, Inc.

Arthur H. Coleman, Santa Fe, for Robert M. Stuart.

OPINION

TACKETT, Justice.

This action was commenced in the District Court of Santa Fe County, New Mexico, to foreclose two judgment liens against an equitable interest in real property under an executory contract for the sale of realty. The cause was tried without a jury before the Honorable D. A. Macpherson, Jr., sitting by designation. Judgment was entered in favor of defendants. Plaintiffs appeal. Rodgers has not participated in this appeal.

The question to be resolved in this case is whether a vendee, under an executory contract for the sale of realty, has an interest in real estate to which judgment liens attach under § 21-9-6, N.M.S.A., 1953 Comp., 1967 Pocket Supp., for the purpose of foreclosure. This question is an-

swered in the negative for the following reasons.

Briefly, the facts are that Rodgers entered into a standard form real estate contract with Pueblo for the purchase of real property on which a service station was to be operated. The contract price was $7500, with a down payment of $1000, $500 to be paid on or before one year from the date of the down payment, and the balance of $6000 payable in thirty-six monthly installments, plus six per cent interest.

Warren was engaged in an oil and gasoline distribution business and sold such products to Rodgers. Warren took an assignment from Inland (not a party to this action) of a claim against Rodgers. Rodgers became indebted to Warren for purchases, as well as the assignment from Inland. Rodgers failed to meet the obligations, therefore, two judgments were taken against Rodgers, which were properly recorded. Rodgers defaulted on the payments under the real estate contract. Pueblo, after due notice, declared a forfeiture and regained possession of the property. Subsequently, Pueblo entered into a lease and option to purchase the property with Stuart. Rodgers filed a petition in bankruptcy on May 22, 1968, and was discharged as a bankrupt on August 27, 1968. Warren filed claims in the bankruptcy proceeding.

The statute upon which Warren relies for relief is § 21–9–6, supra which reads in part as follows:

"Any money judgment rendered in the Supreme Court, court of appeals, district court or small claims court shall be docketed by the clerk of the court in a judgment docket book, and shall be a lien on the *real estate* of the judgment debtor from the date of the filing of a transcript of the docket of such judgment in the judgment record book in the office of the county clerk of the county in which the real estate is situate. * * *" (Emphasis added.)

This statute is substantially similar to the California statute which uses the words "real property," whereas ours uses the words "real estate."

Warren contends that his two judgment liens attach to Rodgers' equitable interest in the executory real estate contract under § 21–9–6, supra. This statute is not susceptible of construction that would permit the judgment lien to attach to the equitable interest of a conditional vendee. The court views this section as requiring that the judgment debtor shall be the owner, or have a vested interest in the real estate. Mercantile Collection Bureau v. Roach, 195 Cal.App.2d 355, 15 Cal.Rptr. 710 (1961). Here, Rodgers was neither the owner nor did he have a vested interest.

A statutory lien of a judgment upon real estate of the judgment debtor can attach only upon property in which the judgment debtor has a vested legal interest. People ex rel. Ford v. Irwin, 14 Cal. 428 (1859); Cook v. Huntly, 44 Cal.App.2d 635, 112 P.2d 889 (1941); Annot. 1 A.L.R. 2d 727 at 740.

Legal interests only, as distinguished from equitable interests, are subject to judgment liens. Homeland Bldg. Co. v. Reynolds, 49 Cal.App.2d 176, 121 P.2d 59 (1942).

We recognize that there is a split of authority on the question, McDonald v. Senn, 53 N.M. 198, 204, 204 P.2d 990, 993 (1949), but we prefer and adopt the California rule.

We also point out that here the contract of sale was not completed, for vendee Rodgers defaulted and the vendor Pueblo declared a forfeiture and regained possession. Rodgers, who subsequently took bankruptcy, did not contest the claimed default and forfeiture. The trial court found that the contract of sale was in default and concluded that the vendee's interest had been forfeited. There was substantial evidence to support the court's finding. The contract of sale never having been completed by the debtor-vendee, he had no vested legal interest in the real estate on

which the lien could attach within the meaning of § 21–9–6, supra.

A judgment creditor can claim no greater rights than a vendee might have asserted in offering to cure a default. The vendor had no contractual obligation with the judgment creditor and, therefore, was not bound to accept him in lieu of the vendee. Weir v. Jarecki Mfg. Co., 254 Ky. 738, 72 S.W.2d 450 (1933).

Upon the failure of Rodgers to make payments, he was in default under the terms of the contract, a forfeiture was declared and his interest was extinguished. He abandoned the premises.

The judgment is affirmed.

It is so ordered.

COMPTON, C. J., and McKENNA, J., concur.