516 P.2d 677

**The MUTUAL BUILDING & LOAN ASSOCIATION OF LAS CRUCES, New Mexico, a corporation, Plaintiff-Appellant,**

v.

**Thomas G. COLLINS and Helen L. Collins, his wife, Defendants-Appellees.**

**No. 9556.**

Supreme Court of New Mexico.

Nov. 21, 1973.

Darden, Sage & Darden, Las Cruces, for appellant.

No appearance for appellees.

OPINION

MARTINEZ, Justice.

This Court, upon its own motion, withdraws its opinion previously filed on October 19, 1973 and substitutes therefor the following opinion.

Appellant, The Mutual Building & Loan Association of Las Cruces, New Mexico, sued appellees, Thomas and Helen Collins, in the District Court of Dona Ana County to foreclose the lien of a judgment against the interest in land which the appellees owned as purchasers under an escrow contract. Appellant held a judgment against appellees for $5,620.90, a transcript of which was recorded in the office of the Dona Ana County Clerk. Appellant

prayed for the foreclosure and that appellees' right, title, interest, and equity in the land be sold to satisfy appellant's judgment.

Appellees answered that appellant failed to state a cause of action upon which relief might be granted. After appellant's motion to amend was granted and completed, the trial court, on May 30, 1972, determined that the present case was governed by Warren v. Rodgers, 82 N.M. 78, 475 P. 2d 775 (1970), and dismissed with prejudice the appellant's claim to foreclose its judgment lien against the appellees' equitable interest in land. The trial court determined that appellant had failed to state a claim upon which relief could be granted and appellant thereafter appealed.

■ Appellant has raised one point on appeal, that being that a judgment lien attaches to an equitable interest in real estate of a conditional vendee.

We agree.

■ Ordinarily an equitable interest in real estate is not subject to execution or judgment lien, 46 Am.Jur.2d Judgments § 260 (1969), 49 C.J.S. Judgments § 479a (1947), unless there exists a statute broad enough to include equitable interests. Annot. 1 A.L.R.2d 727. Under statutes broad enough to include equitable interests, a judgment debtor's interest in real property is subject to the judgment lien recovered against him. See McFarran v. Knox et al., 5 Colo. 217 (1880); Rand v. Garner, 75 Iowa 311, 39 N.W. 515 (1888); Brant v. Robertson, 16 Mo. 129 (1852); Fridley v. Munson, 46 S.D. 532, 194 N.W. 840, 30 A. L.R. 501 (1923); Eckley v. Bonded Adjustment Co., 30 Wash.2d 96, 190 P.2d 718, 1 A.L.A.2d 717 (1948). This Court, in Warren v. Rodgers, supra, stated that only legal interests, unlike equitable interests, were subject to judgment liens. In declaring its position, the Court in Warren, supra, recognized a substantial split of authority on this question, see McDonald v. Senn, 53 N.M. 198, 204 P.2d 990 (1949), and adopted the limiting California rule. We, however, prefer and adopt the more liberal rule embodied in decisions such as Eckley v. Bonded Adjustment Co., supra, and Fridley v. Munson, supra, and declare that both legal and equitable interests in real estate are subject to judgment liens. Therefore, Warren v. Rodgers, supra, is overruled insofar as it held that judgment liens cannot attach to equitable interests.

■ § 21-9-6, N.M.S.A.1953 Comp. (Repl. Vol. 4, 1970) reads as follows:

"Any money judgment rendered in the Supreme Court, court of appeals, district court or small claims court shall be docketed by the clerk of the court in a judgment docket book and *shall be a lien on the real estate of the judgment debtor* from the date of the filing of a transcript of the docket of the judgment in the judgment record book in the office of the county clerk of the county in which *the real estate* is situate. Upon approval and filing of a supersedeas bond upon appeal of the cause as provided by law, the lien shall be void." (Emphasis added)

§ 24-1-22, N.M.S.A.1953 Comp. states the following:

"Any person holding *a judgment lien on any real estate* situated in this state may subject said real estate to the payment of his judgment by a foreclosure suit in any court of competent jurisdiction, such suit to be instituted and prosecuted in the same manner as ordinary suits for the foreclosure of mortgages, and the sale thereunder to be held in the same manner and subject to the same rights of redemption as in sales held under mortgage foreclosure decrees." (Emphasis added)

A judgment lien on real property did not exist at common law, but is a right established by statute. Curtis Manufacturing Company v. Barela, 76 N.M. 392, 415 P.2d 361 (1966). § 24-1-22, N.M.S.A.1953 Comp. establishes such a right and together with § 21-9-6, N.M.S.A.1953 Comp. (Repl. Vol. 4, 1970) make no distinction between legal and equitable interests in real estate. Both provisions broadly refer to "real es-

tate" of the judgment debtor and, therefore, seem broad enough to include equitable interests within their purview.

This Court in Warren, supra, considered § 21–9–6, N.M.S.A.1953 Comp. (Repl. Vol. 4, 1970) and determined that it ". . . is not susceptible of construction that would permit the judgment lien to attach to the equitable interest of a conditional vendee. The Court views this section as requiring that the judgment debtor shall be the owner, or have a vested interest in the real estate . . ." Warren v. Rodgers, 82 N.M. at 79, 475 P.2d at 776. If such a determination were valid at that time, it no longer can be so held today. A fair reading of the above cited provisions and § 24–6–1, N.M.S.A.1953 Comp. (Supp.1971) will lead to the conclusion that the rule adopted by this Court in Warren, supra, has been modified by the New Mexico Legislature in 1971. § 24–6–1, N.M.S.A.1953 Comp. (Supp.1971) reads as follows:

"A married person, widow, widower or person who is supporting another person may hold exempt a homestead in a dwelling-house and land occupied by him, *or in a dwelling-house occupied by him although the dwelling is on land owned by another, provided that the dwelling is owned, leased or being purchased by the person claiming the exemption.* Such a person may claim a homestead of ten thousand dollars ($10,000) *exempt from attachment, execution, or foreclosure by a judgment creditor,* and from any proceeding of receivers or trustees in insolvency proceedings, and from executors or administrators in probate." (Emphasis added)

Under this statute, a purchaser of a dwelling-house under an escrow contract can claim $10,000.00 of his equity as exempt from foreclosure by a judgment creditor. If Warren v. Rodgers, supra, were permitted to govern this case, the statutory provision cited above would be contravened; the equitable interest of a purchaser of real estate under an escrow contract would be exempt completely from the judgment

creditor's claims in a homestead situation. This result obviously was not intended by the Legislature in enacting § 24–6–1, N.M. S.A.1953 Comp. (Supp.1971).

In conclusion, the three statutes cited above, provide that a judgment lien attaches to the equitable interest of a purchaser of real estate under a contract; that the judgment lien may be foreclosed in the same manner as ordinary suits for the foreclosure of mortgages; and that if the land in question is the judgment debtor's homestead, he may claim an exemption of $10,000. Such a reading, as this Court adopts, prevents a debtor from placing his assets beyond his creditor's reach and precludes the possibility of fraud being perpetrated upon the commercial community.

Therefore, the decision of the trial court is reversed and the case remanded with instructions to grant appellant a new trial.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.