559 P.2d 1190

**Mary CAMPOS, Plaintiff-Appellee,**

v.

**Irene WARNER, Defendant-Appellant.**

**No. 10955.**

Supreme Court of New Mexico.

Feb. 10, 1977.

Hunter L. Geer, Albuquerque, for defendant-appellant.

Houston, Housman, Freeman & Dawe, R. Thomas Dawe, Albuquerque, for plaintiff-appellee.

OPINION

EASLEY, Justice.

Defendant-Appellant, Irene Warner (Warner), sold real estate to Rentex, Inc. pursuant to a contract for deed. Rentex leased the property to Plaintiff-Appellee, Mary Campos (Campos). Rentex defaulted on its contract to buy. Warner cancelled the contract of sale and refused to honor the lease agreement between Rentex and Campos.

Campos sued Warner for damages for wrongful cancellation of the lease. The court awarded damages in the amount of $2,888.65. Warner appeals. We reverse the decision of the trial court.

Warner as the owner of the real estate and Rentex, the purchaser, entered into a standard printed-form real estate contract dated February 15, 1973. The contract contained a forfeiture clause in the event of failure to make the required payments. Rentex later leased its interest to Campos, but Warner had no knowledge of the leasing of the property at the time it occurred.

After Rentex defaulted on its payments under the contract with Warner, Warner took the required steps to terminate the interest of Rentex by filing an affidavit of forfeiture on July 17, 1976, and made it known to Campos that her lease would not be recognized.

Campos claimed that Warner was bound by the lease contract between Rentex and Campos. The trial court so found. Campos further claimed that Warner had ratified the lease agreement between Rentex and Campos by receiving money for rent after Warner had cancelled the real estate contract with Rentex. The trial court found that there was a ratification.

Warner points out that the contract by its plain terms was obligatory upon successors and assigns of Rentex and that it speci-

fied that legal title should remain in Warner until the contract was fully performed.

This is a case of first impression in New Mexico. However, this court has adopted a principle in cases dealing with the rights of judgment creditors of vendees under real estate contracts that is persuasive with reference to the issue at hand. In *Warren v. Rodgers,* 82 N.M. 78, 475 P.2d 775 (1970), this court considered whether a vendee under a real estate contract has an interest in real estate to which a judgment lien can attach. In that case the purchaser of the real estate defaulted on his contract and the seller declared a forfeiture and regained possession. This court stated (82 N.M. at 79, 80, 475 P.2d at 776, 777):

> The contract of sale never having been completed by the debtor-vendee, he had no vested legal interest in the real estate on which the lien could attach . . .
>
> A judgment creditor can claim no greater rights than a vendee might have asserted in offering to cure a default. The vendor had no contractual obligation with the judgment creditor and, therefore, was not bound to accept him in lieu of the vendee.

In accord is *Petrakis v. Krasnow,* 54 N.M. 39, 56, 213 P.2d 220, 230 (1949). Also see *Mutual Building & Loan Ass'n of Las Cruces v. Collins,* 85 N.M. 706, 516 P.2d 677 (1973) which overruled a portion of *Warren v. Rodgers,* supra, on a point that is not relevant to this case.

Although there is authority to the contrary, this court is persuaded that the better-reasoned view is represented by the leading case of *Schrunk v. Andres,* 221 Minn. 465, 22 N.W.2d 548 (1946), which considered facts which were in all material ways analogous to those in the instant case. The court ruled in favor of the defendant-owner, saying (22 N.W.2d at 551):

> It is clear that with the termination of the Mootz contract for deed plaintiff's interest in the premises, whatever it may have been, terminated. A lessor cannot create any greater interest in his lessee than he himself possesses, and the lessee

takes subject to all claims of title enforceable against the lessor.

We hold that Rentex by leasing the property to Campos could not create any greater interest in Campos than it possessed and that Campos took the property subject to all claims of title enforceable against Rentex. We reverse the trial court on this issue.

To hold that an owner under these circumstances could not regain the possession of his property because of a subsequent lease could lead to ludicrous and perhaps even disastrous consequences. One hypothetical example: if a purchaser leased the property to a third party for ninety-nine years at a rental fee far below an amount that would be fair and reasonable, and then defaulted on his obligation to pay, it would be unjust to force the owner to submit to the lease.

Without burdening the record with a recitation of the evidence bearing on the question of ratification, the court has carefully studied the transcript and finds that there is no substantial evidence in the record to support the trial court's findings and conclusions that Warner ratified the lease agreement between Campos and Rentex.

The decision of the trial court is reversed, and the complaint of plaintiff-appellee is ordered dismissed.

McMANUS, J., and ROZIER E. SANCHEZ, D. J., concur.