595 P.2d 1199

**Albert MARKS and Virginia Marks, Husband and Wife, and McFarland Brothers Bank, a New Mexico Corporation, Plaintiffs-Appellees,**

v.

**The CITY OF TUCUMCARI, New Mexico, a municipal corporation, Defendant-Appellant.**

**No. 12255.**

Supreme Court of New Mexico.

June 5, 1979.

Robert M. Rowley, Tucumcari, for defendant-appellant.

Harry L. Patton, Clovis, for plaintiffs-appellees.

## OPINION

FEDERICI, Justice.

Plaintiffs-appellees Marks and plaintiff-appellee McFarland Brothers Bank (Bank) brought this action against appellant City of Tucumcari (City) seeking a declaration of their rights to certain real estate in Quay County. The trial court entered judgment for Marks and Bank. The City appeals. We affirm.

The stipulated facts are: On April 11, 1974, Marks purchased the property in question from Robert and Rose Mary Goldenstein (judgment debtors) by real estate contract. On May 1, 1976, the contract of sale was recorded in the office of the Quay County Clerk. On September 14, 1976, the City obtained a judgment against Goldensteins. On that date a transcript of the judgment was filed in the office of the Quay County Clerk. On August 16, 1977, a deed to the property from Goldensteins to Marks, which deed had been held in escrow by the Bank, was delivered to Marks by the Bank and filed with the County Clerk. On the same date, Marks executed and delivered to the Bank a mortgage on the property. The mortgage was recorded on August 16, 1977. Marks and the Bank all had actual knowledge of the City's recorded transcript of judgment.

The City contends that the trial court erred in holding that Marks and the Bank acquired title free and clear of the City's judgment lien. The City claims that the judgment debtors (vendors) were vested with legal title on September 14, 1976, when the City's judgment lien was perfected, and therefore, the judgment lien attached to that legal title, and Marks and the Bank took their title subject to that judgment lien.

Marks and the Bank contend that the judgment lien did not attach to the interest of the judgment debtors in this case, because the judgment debtors, as vendors under the contract of sale, retained only a bare legal title, held in trust as security for payment of the purchase price; that through the doctrine of equitable conversion the interest retained by the vendors was converted to personalty. We agree with Marks and the Bank.

In New Mexico the rule is that a *vendee*, under an executory contract for the sale of realty, acquires an equitable interest in the property. By application of the doctrine of equitable conversion, the *vendee* is treated as the owner of the land and holds an interest in real estate. On the other hand, the *vendor* holds the bare legal title as a trustee for the vendee. The *vendor's* interest is considered personalty. *Gregg v. Gardner*, 73 N.M. 347, 388 P.2d 68 (1963); *Mesich v. Board of County Com'rs of McKinley Co.*, 46 N.M. 412, 129 P.2d 974 (1942).

In *Gregg* the Court said:

It is equally clear from our decisions that in equity a contract for sale of real estate results in the purchaser acquiring an equitable interest in the land which he may devise by will, and in case of intesta-

cy the same passes to his heirs and not to his administrator. Whereas, legal title remains in the vendor, it is held in trust as security. * * * It must follow that when testatrix entered into contracts to sell certain of her real estate, the equitable interest in the land passed to the purchasers although legal title remained in her. Through the doctrine of equitable conversion, her interest is considered as personalty.

73 N.M. at 359, 388 P.2d at 77 (citations omitted).

In *Mesich*, this Court stated:

In law the effect of a contract whereby the owner agrees to sell and another agrees to purchase a designated tract of land, the vendor remains the owner of the legal title to the land; he holds the legal title, 1 Pomeroy's Equity Jurisprudence, § 367. But, in equity the vendee is held to have acquired the property in the land and the vendor as having acquired the property in the price of it. The vendee is looked upon and treated as the owner of the land and the equitable estate thereof as having vested in him. He may convey it or encumber it, devise it by will and on his death it descends to his heirs and not to his administrators. The legal title is held by the vendor as a naked trust for the vendee . . . . The vendor, before payment, holds the title as trustee for security only.

46 N.M. at 416–17, 129 P.2d at 976.

Section 39–1–6, N.M.S.A.1978 provides that upon the filing of a transcript of the docket of judgment in the county clerk's office, the judgment becomes a lien on the *real estate* of the judgment debtor. It reads:

Any money judgment rendered in the supreme court, court of appeals, district court or small claims court shall be docketed by the clerk of the court in a judgment docket book and shall be a lien on the *real estate* of the judgment debtor from the date of the filing of the transcript of the docket of the judgment in the judgment record book in the office of

the county clerk of the county in which the real estate is situate. * * * (Emphasis added.)

In *Mutual Building & Loan Ass'n of Las Cruces v. Collins*, 85 N.M. 706, 516 P.2d 677 (1973), the Court held that under § 39–1–6 the equitable interest of a *vendee* under an executory contract of sale was real estate and subject to a judgment lien. The Court reviewed applicable authorities, stating:

Ordinarily an equitable interest in real estate is not subject to execution or judgment lien, 46 Am.Jur.2d Judgments § 260 (1969), 49 C.J.S. Judgments § 479a (1947), unless there exists a statute broad enough to include equitable interests. Annot. 1 A.L.R.2d 727. Under statutes broad enough to include equitable interests, a judgment debtor's interest in real property is subject to the judgment lien recovered against him. [Citations omitted.] * * * We, however, prefer and adopt the more liberal rule * * * that *both legal and equitable interests in real estate are subject to judgment liens.* Therefore, *Warren v. Rodgers*, [82 N.M. 78, 475 P.2d 775 (1970)] is overruled insofar as it held that judgment liens cannot attach to equitable interest. (Emphasis added.)

*Id.* at 707, 516 P.2d at 678.

Concerning § 39–1–6 and § 39–4–13, N.M.S.A.1978, the Court stated:

Both provisions broadly refer to "real estate" of the judgment debtor and, therefore, seem broad enough to include equitable interests within their purview.

*Id.* at 707–8, 516 P.2d at 678–79.

We note that in *Mutual Building & Loan* the Court held that both *legal and equitable interests* in real estate were subject to judgment liens. If the Court, by that statement, intended to include within the term *"real estate"* the interest of a *vendor* in an executory contract for the sale of realty, then that specific language is hereby expressly overruled.

■■ We are committed to the rule expressed in *Gregg* and *Mesich* that the inter-

est retained by a vendor under an executory contract of sale is personalty and not real estate. Since § 39–1–6 permits a judgment lien only upon real estate and since the judgment debtors' interest in the property was converted to personalty, the City's judgment did not ripen into a lien on the real estate involved.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

McMANUS, Senior Justice, and EASLEY, J., concur.