Rick A. YARNALL, Trustee,
Plaintiff/Appellant

v.

FIRST NATIONAL BANK OF STILLWA-
TER, Ernest Martin Williams, Arlene
Mitchell Williams, Stanley G. Anderson
and Patricia A. Anderson, Defend-
ants/Appellees.

Civ. No. 86–1024.

Bankruptcy No. 181–00062.

Adv. No. 184–0032.

United States District Court,
D. South Dakota, N.D.

Sept. 19, 1986.

Alan L. Austin, Austin, Hinderaker,
Hackett & Hopper, Watertown, S.D., for
plaintiff/appellant, Rick A. Yarnall, trust-
ee.

Robert E. Hayes, Davenport, Evans,
Hurwitz & Smith, Sioux Falls, S.D. and

Bruce M. Ford, Green, Schulz & Roby, Wa-
tertown, S.D., for defendant/appellee First
Nat. Bank of Stillwater.

J. Bruce Blake, Sioux Falls, S.D., for
defendants/appellees Ernest Martin
Williams and Arlene Mitchell Williams.

Curt R. Ewinger, Rice & Bowen, Aber-
deen, S.D., for defendants/appellees Stan-
ley G. Anderson and Patricia A. Anderson.

MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

Rick A. Yarnall, trustee for the bank-
ruptcy estate of Ernest and Arlene
Williams, appeals from a judgment and or-
der rendered by the bankruptcy court on
April 25, 1986 in favor of the First National
Bank of Stillwater. Judge Ecker deter-
mined that the Bank has a valid judgment
lien on the sale proceeds from certain real
properties sold by the Williams on con-
tracts for deed. The appeal to this Court
was taken under Rule 8001 of the Bank-
ruptcy Court Rules, Part VIII. This Court
has jurisdiction of the appeal.

I.

BACKGROUND

On or about April 7, 1980, First National
Bank of Stillwater (Bank) transcribed a
judgment from the District Court of Wash-
ington County, Minnesota to the Circuit
Court, Codington County, South Dakota.
The judgment, in the amount of $88,809.44
against Ernest M. Williams, was duly dock-
eted and filed in Codington County, South
Dakota in order to perfect a lien upon any
real property owned by Ernest M.
Williams.

Prior to the docketing of the Minnesota
judgment, Ernest Williams sold three
tracts of land located in Codington County,
South Dakota on contracts for deed. One
parcel, known as Lot 3, in Block 1, of the
Plat of Meadow Glen Subdivision to the
City of Watertown, was originally sold on a
contract for deed by James A. Clark to
Stanley and Patricia Anderson on February
14, 1977. On December 28, 1977, James A.
Clark assigned his interest as vendor to

Ernest and Arlene Williams as joint tenants.

A second parcel, known as the South Half except the Southeast Quarter of the Southeast Quarter of the Southeast Quarter thereof, in Section 5, Township 117 North, Range 53 West of the Fifth Principal Meridian, was sold on a contract for deed to George H. Hestad, Jr., on or about April 18, 1978.

On March 31, 1980, Ernest M. Williams sold to Charles F. Robinson on a contract for deed a third parcel, known as Lots 16, 17 and 18 in Block No. 8 of Rice Bros. Addition to Watertown.

Subsequently, Ernest and Arlene Williams filed for Chapter 11 relief in bankruptcy on June 30, 1981. The debtors converted to a Chapter 7 proceeding on March 28, 1983.

## II.

### ISSUE

The principal issue for decision in this appeal is whether the Minnesota judgment docketed and filed in Codington County establishes a lien on vendor Ernest Williams' interest in the three tracts of land sold on contracts for deed prior to the docketing and filing of the judgment.

## III.

### DISCUSSION

When real property is sold on a contract for deed in South Dakota, two interests are created. The vendee takes possession of the realty and an equitable interest, while the vendor retains legal title in the property until the contract is satisfied. *Reid v. Gorman*, 37 S.D. 314, 158 N.W. 780, 782–83 (1916); *Fridley v. Munson*, 46 S.D. 532, 194 N.W. 840, 841 (1923). Relevant in this appeal is Ernest Williams' legal title in the three tracts of land in issue. Is Williams' legal title subject to Bank's judgment lien?

Dispositive of the issue is the South Dakota Supreme Court's opinion in *Reid v. Gorman*, 158 N.W. at 782–83. In discussing a contract for deed the Court stated:

The interest of the vendee remains the same whatever name be given it, and the vendor still remains the holder of the legal title to secure his rights under the contract. Is this interest of the vendor an interest subject to the lien of a judgment, and therefore subject to levy and sale under attachment and execution?

\*      \*      \*      \*      \*      \*

We believe that, under the overwhelming weight of authority, such interest is subject to the lien of a judgment and can be reached through an attachment of the land.

It is therefore the decision of this Court that Ernest Williams retained legal title in the three parcels of realty sold on contracts for deed. That legal title, moreover, is subject to Bank's judgment lien which was docketed and filed in the Circuit Court in and for Codington County, South Dakota.

Appellant Trustee asserts two contentions; that Williams' legal title is personalty and *Reid v. Gorman* is overruled. Neither contention is well taken in this appeal.

First, Appellant cites this Court to such cases as *Phillis v. Gross*, 32 S.D. 438, 143 N.W. 373 (1913) and *State v. Weide*, 135 N.W. 696 (S.D.1912). Those cases are consistent with *Reid v. Gorman* in that two interests are created in a contract for deed sale of real property. The vendee becomes an equitable owner and the vendor the holder of legal title. *Phillis v. Gross*, 143 N.W. at 379; *State v. Weide*, 135 N.W. 699–700. Such "equitable conversion", however, does not affect judgment liens against vendor's interest in the realty, *see Reid v. Gorman*, 158 N.W. at 782, and neither *Phillis v. Gross* nor *State v. Weide* hold to the contrary.

Appellant's second contention is immaterial. In *Jordan v. O'Brien*, 69 S.D. 230, 9 N.W.2d 146 (1943), the South Dakota Supreme Court announced that *Reid v. Gorman* was overruled to the extent that it was inconsistent with *Fridley v. Munson*, 46 S.D. 532, 194 N.W. 840 (1923). There is, however, nothing in *Reid v. Gorman* applicable to this case which is inconsistent with *Fridley v. Munson*.

This Court has been asked for further rulings on two additional issues outside the scope of the briefed materials. No rulings will be rendered on issues not properly raised on appeal.

It is ordered that the United States Bankruptcy Court is affirmed and that this matter be remanded for further proceedings consistent with this decision.